SAVOY, Judge.
This is a suit in workmen’s compensation. On May 4, 1960, plaintiffs sustained an injury to his back while working for one of the defendants, Mosely Welding and Repair, Inc., who carried a workmen’s compensation policy with defendant, Argonaut Insurance Company. Plaintiff was given medical treatments and was paid weekly compensation benefits for the period from the injury to November 1, 1962, when benefits under the act were terminated. Plaintiff instituted this suit against his employer and its insurer for full benefits under the act, plus penalties and attorney’s fees. After trial on the merits, the district court rendered judgment for defendants dismissing plaintiff’s suit. Plaintiff has appealed.
*624 The issues raised on appeal are: (1) whether or not plaintiff was disabled under the provisions of the Workmen’s Compensation Act subsequent to November 1, 1962; and (2) whether or not plaintiff is entitled to any compensation for impairment of a physical function, in addition to the amount already paid of $35.00 per week for 130 weeks, or $4,550.00.
The record shows plaintiff suffered a massive disc herniation as a result of a fall.
He was first treated by Dr. A. J. Domin-gue, a general practitioner of New Iberia, who referred him to Dr. William L. Meu-leman, an orthopedic surgeon of Lafayette. Dr. Meuleman performed an operation on plaintiff’s back on September 15, 1960, consisting of a laminectomy whereby the spines and lamina of the fifth lumbar vertebrae were removed, and then an “H”-type graph fusion at the L-5, S-l level. By deposition, Dr. Meuleman stated plaintiff’s post operative recovery was good and uneventful until March of 1961 when plaintiff began to voice complaints which were difficult for the doctor to understand. These complaints became worse as time passed. Dr. Meuleman saw plaintiff almost monthly through 1961, on five occasions in 1962, on March 25, 1963, and April 24, 1963, and then on December 22, 1965, and March 21, 1966. Dr. Meuleman could not accept plaintiff’s statement as to the severity of the pain because of various inconsistencies in plaintiff’s complaints and the doctor’s clinical findings. As early as May of 1961 Dr. Meuleman could find no objective evidence to support plaintiff’s complaints. His clinical findings showed plaintiff’s reflexes were normal, he had good recovery of back motion, and there was no muscle spasm or weakness and no atrophy of the lower extremities. Xrays showed a well consolidated fusion of the bones. Later examinations confirmed and strengthened these findings. He admitted that plaintiff had a 20% disability of the back as a result of the operation. The visits to Dr. Meule-man in 1963 were made at the instance of plaintiff. The record shows plaintiff injured his back again on December 15, 1964, while unloading kitchen supplies. Then on December 6, 1965, he sustained a compression fracture of the first lumbar vertebra of his back while attempting to lift the bumper of a car. The visits to Dr. Meule-man on December 22, 1965, and March 21, 1966, were mainly for this last injury, and Dr. Meuleman testified there was no relation between the 1960 and 1965 injuries. Dr. Meuleman took Xrays of the site of the spinal fusion on December 22, 1965, and noted that the spinal fusion of 1960 was still intact and had not been violated.
Plaintiff was also examined by Dr. Richard H. Corales, Jr. of New Orleans, a specialist in neurological surgery. Dr. Corales examined plaintiff on August 22, 1962. He noted the healed spinal fusion with the resulting limitation of motion of the back. He was unable to find any objective evidence of nerve root compression compatible with plaintiff’s subjective complaints of pain. It was his opinion that plaintiff could return to his former employment.
Dr. Guy Dunning examined plaintiff on November 7, 1961, in connection with his back; and again on November 30, 1961, in connection with an arm complaint. Dr. Dunning also noted the healed spinal fusion, but was unable to find any basis for the painful symptoms as expressed by plaintiff. Dr. Dunning felt plaintiff attempted to mislead him in certain parts of the examination and was exaggerating his complaints. Although he doubted plaintiff could do strenuous manual labor, he felt plaintiff would be able to return to his previous occupation, which consisted mainly of painting pipes with hot dope. He indicated that a spinal fusion tends to strengthen an individual’s back in the area of the fusion. It was his opinion that plaintiff had a 10% disability of the body as a whole as a result of the back surgery.
Dr. A. J. Domingue testified he treated plaintiff from the time of the accident to the date of the trial, except for the period from August, 1963, to November, 1964. *625 During this time plaintiff complained of pain in his back and Dr. Domingue stated these complaints were at times supported by objective signs of muscle spasm. He indicated the pain was not severe enough to keep plaintiff from working, except on rare occasions. Dr. Domingue prescribed medication for pain and the use of a back brace. He testified that while plaintiff was in the hospital recovering from íhe operation, he developed respiratory infections and bronchial asthma, which have continued, and which tend to aggravate plaintiff's back because of the coughing.
Plaintiff testified he has had continuous trouble with his back since the accident in 1960, and that he was not able to do anything but very light work. His wife and son testified he could hardly do anything because of his back, and that they hated to leave him alone at home because at times he would fall and could not get up without assistance.
After carefully reviewing the record in this case, we agree with the holding of the district court that plaintiff did not prove by a preponderance of the evidence that he was totally disabled within the meaning of the workmen’s compensation act subsequent to November 1, 1962. The district court discounted Dr. Domingue’s testimony because of certain conflicts. The doctor first testified he treated plaintiff continuously from the date of the accident to the date of the trial; and then, on cross-examination, admitted he had not seen plaintiff during a period of fifteen months, as the doctor had discontinued private practice in New Iberia during that period of time. Dr. Domingue also neglected to mention, until cross-examination, that plaintiff had sustained two other unrelated back injuries, which the doctor treated, that could have had a bearing on plaintiff’s complaints. Dr. Domingue based his opinion on the subjective complaints of the plaintiff; and, in most instances, referred to the opinion of the operating specialist, Dr. Meuleman.
This Court also agrees with the district court that the lay testimony should be disregarded. It is noted that plaintiff says he can do practically nothing, and this is substantiated by his wife and son, who stated they hate to leave him alone; and yet, plaintiff admits to certain activities as a school janitor, where he has been employed since 1963. As stated by the district court, the testimony of plaintiff and his lay witnesses was unimpressive and tended to indicate gross exaggeration.
The testimony of Dr. Meuleman is entitled to the greatest weight, and his opinion is substantiated by the other examining specialists. These three doctors felt plaintiff was exaggerating his complaints of pain, and were of the opinion that any pain referrable to the original injury was not such as to prevent him from returning to his previous employment. Considering this medical evidence, the district court correctly held that plaintiff failed to prove disability under the act subsequent to November 1, 1962.
The last issue for our consideration is whether or not plaintiff is entitled to additional compensation for impairment of a physical function, inasmuch as he was found to have a 20% disability of his back, or a 10% disability of his body, as a result of the operation. Such a claim falls under LSA-R.S. 23:1221(4), which provides in subparagraph (p) for benefits not to exceed 65'% of wages during one hundred weeks. At the maximum rate of $35.00 per week in effect at the time of the accident herein, for a period of 100 weeks, the benefits under this section are limited to $3,500.-00. Also, LSA-R.S. 23:1223 provides that where compensation has been paid under subdivisions (1), (2), or (3), of LSA-R.S. 23:1221, the amount so paid shall be deducted from any compensation allowed under subdivision (4) thereof. Since credit is to be allowed on a dollar-for-dollar basis, and plaintiff has already received $4,550.00 in compensation, he is not entitled to any *626 further benefits udner LSA-R.S. 23:1221 (4).
For the reasons assigned, the judgment of the district court is affirmed. Appellant to pay costs.
Affirmed.