SCHOTT, Judge.
Defendants have appealed from a judgment awarding plaintiff Workmen’s Compensation benefits of $49.00 a week for 300 weeks, based upon his being temporarily totally disabled from a knee injury sustained on February 17, 1970, when he fell from a scaffold. Plaintiff has answered the appeal seeking benefits for total and permanent disability.
In his reasons for judgment the trial judge included the following:
“From this evidence the court finds that:
“1. Dr. Brent is of the opinion that plaintiff can perform the duties of a construction pipefitter even though he has a 20% disability of the left extremity and even though as of May 9, 1973, plaintiff still complained of pain and plaintiff’s left foot was still swollen, and even though as a construction pipefitter plaintiff would be required to climb and work at heights of 60 feet. As to the latter, Dr. Brent said plaintiff could not safely work at such heights but discounted the injured left knee and foot as the basis for his opinion.
“2. Pourciao, a construction pipefitter foreman, had other and more practical thoughts on the matter: He said they worked under safety standards and he would not allow plain *170 tiff to climb and work above heights of 12 to 14 feet.
“3. That the present job of plaintiff, as do most construction jobs, calls for plaintiff to climb and work at heights much in excess of the heights that plaintiff has been allowed to work or even tried to work.
“4. The testimony of Pourciao and plaintiff clearly indicate that before the accident plaintiff worked at whatever height his job called for.
“Considering these factual findings this court must conclude that both Dr. Brent and Pourciao are of the opinion that while plaintiff can perform the duties of a construction pipefitter he cannot perform these duties safely at the heights his job calls for him to climb and work.
“Further this court concludes that the overall evidence shows that plaintiff climbed and worked at whatever height was called for before the accident. Hence it cannot accept Dr. Brent’s opinion that a 20% disability of the left lower extremity and a swollen left foot plays no part in plaintiff’s inability to now climb and work at heights.
“The law applicable to such findings states: ‘Certainly the law is clear under our jurisprudence that if a worker is obliged to perform his duties with pain or increased hazard to himself or his coworkers, he is totally disabled within the meaning of the Workman’s Compensation Act.’ Veillon v. Knapp & East, 158 So.2d 386 [336]. In accord: Hilbert v. Quinn Const. Co., 274 So.2[d] 876; Johnston v. Arthur G. McKee & Co., 230 So.2[d] 118; Lawless v. Steel Erectors, Inc., 254 La. 37, 222 So.2[d] 849; Mercer v. Coal Operators Gas. Co., 212 So.2[d] 431.
“Hence, as of the last examination of the plaintiff by Dr. Brent on May 9, 1973, plaintiff was totally disabled, and considering plaintiff’s testimony that presently he is still unable to climb, this court must find plaintiff still totally disabled.
“However, Dr. Brent’s prognosis was so strongly indicative that plaintiff was recovering more and more the use of the left extremity that, in the absence of medical evidence to the contrary, this court will define plaintiff’s total disability as temporary and will award compensation accordingly.”
The only medical evidence was the testimony of Dr. Walter H. Brent, Jr., an orthopedic surgeon, who treated plaintiff from March 4, 1970. This testimony was presented in the form of a deposition. In September, 1970, Dr. Brent performed an arthrotomy on plaintiff which was the surgical removal of the medial meniscus in his left knee. Thereafter plaintiff developed thrombophlebitis, or inflamation of the veins which caused swelling, tenderness and inability to weight bearing. This condition was brought under control and by August 18, 1971, Dr. Brent felt that “the knee itself healed very nicely” and that there were “no complications.” He was of the opinion that plaintiff could then continue to work at his former occupation and fully discharged him. On May 9, 1973, Dr. Brent re-examined plaintiff and on the basis of demonstrated recovery of muscle tone in the thigh he concluded that plaintiff had been using the thigh “with probably very little discomfort.” He also ruled out a knee problem from the absence of fluid in the knee joint. He did find “a slight increase of size in the left foot” which was an after effect of the thrombo-phlebitis, but which would present no problem in the performance of his duties. He found no objective reason to prevent plaintiff from working at his former occupation notwithstanding a 20% disability assigned on the basis of residual arthritis from the meniscus injury and the swelling in the foot.
Included in the trial judge’s findings are the statements “Dr. Brent said plaintiff could not safely work at such heights” as are required in plaintiff’s work and “that *171 Dr. Brent [is] of the opinion that [plaintiff] cannot perform these duties safely at the heights his job calls for him to climb and work.”
These findings are not supported by the record and were apparently the result of the following series of questions put to and answers by Dr. Brent on cross examination :
“Q. Now, is this man in a position wherein he can operate safely at heights of, say, 60 to 75 feet above the ground on scaffolding and things of this nature?
A. 60 or 70 feet I don’t think I would work with! No, I feel he could do it as safely as he would if he didn’t have the surgery. So I’ll put it this way.
Q. Well, do you feel there has been any weakening of this knee joint that could cause him any problems in climbing, say, a steel ladder up on the side of a tank or a vessel such as he has to do and he’s supposed to do?
A. I see no reason .
Q. As a pipefitter.
A. I see no reason why he should. He certainly brought the muscles up to the tone and strength of the opposite side.
Q. Now, doctor, didn’t you specifically release at the time of the discharge, when you discharged Mr. Ennis, advise him specifically not to climb?
A. I have no record of saying this.. Now, I know when he first started back on light duty I told him not to climb or do any squatting until he built up his muscles. But I have no record at the time of discharge instructing him not to do any climbing. I made the statement he could work with the disability which meant he could go back to his former occupation.”
This testimony makes it clear that Dr. Brent did not feel that plaintiff could not work in as much safety at these heights as any other workman and the trial judge erred in finding otherwise.
Thus, the law relied upon by the trial judge as applicable does not support the award for total disability.
In any Workmen’s Compensation case plaintiff has the burden of proving not only that an injury was sustained but also that the injury was disabling. Plaintiff has the burden of proving that the injury had an appreciable effect on his ability to perform the duties of his job or that he would have suffered substantial pain in the performance of such duties. Falgoust v. Jefferson Parish School Board, 294 So.2d 594 (La.App. 4th Cir. 1974).
The only evidence produced by plaintiff was his own testimony and that of his foreman. Plaintiff testified that he has restricted his climbing, his ankles swell, he suffers pain and he has difficulty with standing, stooping and squatting for long periods. As to the foreman he said only that he did not require plaintiff to work more than 14 feet above ground because he thought it best when plaintiff told him of his disability.
Aside from the fact that we do not find the foreman’s testimony to have any probative value as to plaintiff’s disability, it is apparent that the trial judge attached much significance to the testimony when, under the law, such was inadmissible since lay testimony is inadmissible in the absence of any contradictory medical testimony. Guillory v. Southern Farm Bureau Casualty Co., 237 La. 374, 111 So.2d 314.
Thus, plaintiff’s only admissible evidence was his own testimony, not only without medical support but indeed contradicted by the only medical evidence in the record. We conclude that plaintiff failed to produce sufficient evidence to prove that his disability was such as to warrant an award for temporary total disability under LSA-R.S. 23:1221(1).
*172 In view of Dr. Brent’s testimony that plaintiff has a 20% partial permanent disability because of residual arthritis and swelling of the foot, it may be that plaintiff is entitled to recover for serious permanent impairment of the usefulness of a physical function under R.S. 23:1221(4) (p). But the record shows that he has already received in compensation $5296 which exceeds any benefits he would be entitled to under that section, so that he is not entitled to further recovery. See R.S. 23:1223 and Romero v. Argonaut Insurance Company, 227 So.2d 623 (La.App. 3rd Cir. 1969).
Accordingly, the judgment appealed from is reversed and there is judgment in favor of defendants, Plant Service Construction Company and Employers National Insurance Company, and against plaintiff, Allen Ennis, dismissing his suit at. his cost.
Reversed and rendered.