BOUTALL, Judge.
Plaintiff, Harold P. Gros, appeals a judgment rendered in favor of defendant-appel-lee, Employer’s Insurance of Wausau, dismissing plaintiff’s suit for workmen’s compensation benefits.
Plaintiff injured the fingers of his right hand in an on the job accident, May 15, 1974. Surgery on one of the fingers occurred on May 16, 1974 with further treatment thereafter, but the long finger of the right hand had to be amputated at the proximal phalangeal joint in September, 1974. Plaintiff returned to work in October, but pain caused by a neuroma which was later excised, caused the plaintiff to seek further treatment and prevented his working. After this further medical treatment, the plaintiff returned to his same job as a laborer-mechanic in January, 1975 and has worked without interruption since then. During this entire period that plaintiff was unable to and did not work, workman’s compensation benefits were paid him in the amount of $2,405.00 plus all medical expenses.
Plaintiff filed this suit in April of 1975 seeking an award of permanent and total disability based upon the impairment of the use of his right hand, and for penalties and attorney's fees because of defendant’s refusal to pay further disability for the benefits. At the trial there were only two witnesses who testified, plaintiff and his work supervisor. No physicians testified, but the detailed reports of the physician who treated plaintiff for the entire period were stipulated into the record. From an adverse judgment, plaintiff filed this appeal.
There is no question but that plaintiff has suffered a disability for which he is entitled to workman’s compensation benefits, the only question is the extent of that disability. The stipulated medical testimony is as follows:
“It is my opinion that this individual has limitation of motion of the aforementioned involved digits.
“It is my opinion that this individual has a 15% loss of function of his index finger, 100% loss of function of his long finger, 50% loss of function of his ring finger and 50% loss of function of his small finger. There is no loss of function of his thumb.
“It is my opinion that the plaintiff does not have Sudeck’s atrophy of the involved hand.”
Based upon these findings, appellant argues to us that he is entitled to be declared totally and permanently disabled on the basis: 1.) That he cannot do his work; 2.) that he works in pain; and 3.) that he cannot compete in the labor market with workers of similar character.
The evidence discloses that the appellant has been doing essentially the same work since his discharge as he had been doing prior to that time, and that, because of the nature of the plant operation, he now does additional work of a different nature. Appellant testifies that he had some difficulty in performing all of the tasks involved in the same manner as he previously did, for example, climbing ladders, holding screw driver, paint brush or small tool, but we believe the evidence to fairly show that he does his job with only some inconvenience, i. e. he has to grip his tools in a different fashion or perhaps rely somewhat more on the use of his left hand. His supervisor testifies that appellant has done all of his job well and has made no complaint of inability to do so, nor has he noticed any. Circumstances that may be disabling in certain jobs may be irrelevant to others, and the mere demonstration of the loss of a member or grievous injury will not achieve ipso facto a total disability award. Ory v. Metal Building Products, Inc., La.App., 265 So.2d 338 (4th Cir. 1972). The record contains adequate support for a finding that appellant could do his work without difficulty of a disabling nature.
Similarly, we are of the opinion that the evidence fairly supports a finding that *988 appellant works without substantial pain. Even his own testimony shows that since his discharge he has worked with only occasional pain, not of a substantial nature, when he used large heavy tools for a strenuous task. A party alleging disability because of pain must establish evidence of that condition to be a reasonable certainty by a preponderance of the evidence. Breaux v. Kaplan Rice Mills, La.App., 280 So.2d 923 (3rd Cir. 1973). The mere claim of pain without some proof is not enough to prove residual disability substantial enough to prevent claimant from carrying on the same or similar work. Jones v. Quick Shop Food Store, La.App., 263 So.2d 73 (1st Cir. 1972).
Finally, we turn our attention to inability to compete with other persons in appellant’s occupation and the ability to secure employment as against a person not so disabled. As related above, the evidence demonstrates that he can do, and has been doing, his job with minimum difficulty and that he suffers minimal pain if any. There is no evidence in the record to suggest what type of job he may be unable to do that compares to the type of employment in which he is presently engaged. While it is a fact that he cannot close the fingers of his hand completely, he has full use of his thumb and the palm portion of his hand such that he can do all of the tasks assigned to him. There is simply a lack of evidence to show in what other job related field he may be hindered.
In considering this point we have also considered because this man unquestionably has a disability, that he may be qualified for permanent disability of a partial nature, or that he may have a specific disability related to loss of function. The trial judge rendered no written reasons but must have considered that the disability was only as to fingers (LSA-R.S. 23:1221(4)(b), (c) and (o) as set out in the stipulation. Compensation benefits for such a partial specific disability are less than the compensation paid and would result in a dismissal of plaintiff’s suit. Partial disability for a hand, Subsection (4)(e), or a physical function under Subsection (4)(p),[1] would probably result in a judgment for additional benefits. In view of the stipulated evidence and the testimony, we cannot say that the trial judge was in error.
The judgment is affirmed.

AFFIRMED.

. A finding of permanent partial disability under Subsection (3) would necessarily be speci-tied in a judgment even though present wages would be equivalent to prior wages.