BOUTALL, Judge.
Plaintiff, Mary Barre, filed suit for recovery of workman’s compensation benefits. From a judgment dismissing her suit she has appealed.
It was stipulated that the plaintiff cut her left hand and little finger during the course of her employment as a cook at the defendant restaurant; that she was unable to work from February 26, 1974 through April 22, 1974 and during that period of disability she was paid weekly benefits of $65.00 per week; that prior to trial the defendant insurer paid an additional sum of $1,355.00, based upon the schedule of permanent partial disability of the hand.
It was also stipulated that in October of 1974 the plaintiff developed pain in her *319 neck, left shoulder and left arm and that such symptoms were the result of thoracic outlet syndrome. This condition was not related to either the accident or injury sustained on February 25, 1974.
At the trial, the plaintiff called Dr. Harold M. Stokes who testified as her treating physician and as an expert in the field of orthopedic surgery. Dr. Stokes testified that the plaintiff was told that she could return to work in April of 1974, even though she could expect to have some discomfort. The doctor could not give an opinion as to the degree of discomfort suffered by the plaintiff, but did note that no pain medication or analgesics applications were required. Dr. Stokes continued to see the plaintiff from time to time and on September 10, 1974 his examination revealed that the plaintiff had excellent range of motion in the finger and that there was a demonstrated sensation with sweat in the finger. The doctor found the impairment to be 5% of the little finger, and when pressed to relate that to the hand computed only V2 of 1%. He considered her problem to involve only her finger and expected only progressive improvement. He did not believe that the pain from the injury was significant enough to prevent the plaintiff from doing her job.
Subsequent to that September examination, the plaintiff began to suffer pain and symptoms diagnosed by Dr. Stokes and Dr. Bert Glass as thoracic outlet syndrome. In December, 1974, the pain became severe enough that the plaintiff stopped working as a cook with the defendant.
In January, 1975, the plaintiff saw Dr. Gordon McFarland, an orthopedist and hand surgeon who reported he expected the finger and hand to get better by itself, and listed her permanent partial disability to be at one percent of the hand.
On February 28, 1975, the plaintiff was examined by a neurologist, Dr. William Martin. Dr. Martin’s summary stated:
“Electrodiagnostic studies are normal with no evidence of neuropathy, radiculo-pathy or myopathy. I am unable to explain the patient’s pain syndrome on the results of this study.”
It is apparent from the evidence detailed above that the trial judge was correct in his determination that plaintiff suffered no disability for which she had not been paid, either because of pain or because of physical impairment. A party alleging disability because of pain must establish the reasonable existence of that condition by a preponderance of the evidence. The mere claim of pain without some proof is not sufficient to prove residual disability substantial enough to prevent claimant from carrying on the same or similar work. Gros v. Employer’s Insurance of Wausau, La.App., 338 So.2d 986 (1976).
Similarly, a workman’s compensation claimant must prove permanent and total disability by a reasonable preponderance of evidence. Tyler v. Owens-Illinois, La.App., 289 So.2d 893 (1974).
Our review of the record necessarily leads us to the conclusion that the plaintiff failed to prove her claim of pain or functional disability resulting from the accident of February 25, 1974. The medical reports and testimony demonstrate to us that whatever pain the plaintiff suffers is caused by the thoracic outlet syndrome. Her functional disability is limited to 5% of the little finger of her left hand, and she has been more than adequately paid for this disability.
For the foregoing reasons, the judgment appealed is affirmed.

AFFIRMED.