368 So.2d 1158 (1979)
Michael W. NEWELL, Plaintiff-Appellant,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant-Appellee.
No. 6870.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*1159 Francis E. Mire, Lake Charles, for plaintiff-appellant.
Raggio, Cappel, Chozen & Berniard by Frederick L. Cappel, Lake Charles, for defendant-appellee.
Before CULPEPPER, FORET and DOUCET, JJ.
FORET, Judge.
This is a suit for workmen's compensation benefits. The central issue presented on appeal is whether the trial judge erred in determining that the plaintiff had failed to prove any disability arising from a job-related accident.
The plaintiff, Michael W. Newell, was injured on August 11, 1977, while employed by Vincent Construction Company as a pipefitter. At the time of the accident, the defendant, United States Fidelity & Guaranty *1160 Company, provided workmen's compensation insurance to plaintiff's employer. The defendant paid compensation to the plaintiff from the time of the injury through November 8, 1977.
Plaintiff suffered a fracture at the base of the distal phalanx of his left long finger. He was taken to a nearby hospital where he was examined and treated by Dr. David Drez. A "Reardon" pin was inserted into the bones of the finger in order to hold it in its proper position while the bone healed. This pin was removed on September 20, 1977, and the plaintiff continued to see Dr. Drez until after October 20, 1977, at which time Dr. Drez informed the plaintiff that the fracture had healed as well as could be expected and that no further medical treatment was necessary.
Thereafter, plaintiff returned to work for Hick's Plumbing Company but continued to complain of pain in his finger. On January 3, 1978, the plaintiff was sent by his attorney to Dr. Norman Morin for an examination. Dr. Morin concluded that Mr. Newell suffered from a five (5%) percent disability of his left hand. This was the only occasion on which Dr. Morin had the opportunity to examine the claimant.
In February of 1978, plaintiff filed this suit to recover compensation for total and permanent disability of his left hand and for penalties and attorney's fees. The trial court therein held that the plaintiff had failed to sustain his burden of proof in establishing his disability and correspondingly dismissed his claim. Plaintiff now appeals.
It is well settled that a workmen's compensation claimant must prove a permanent and total disability by a reasonable preponderance of the evidence. Furthermore, if the claimant alleges disability because of pain, then he must establish the reasonable existence of that condition by a preponderance of the evidence. The mere claim of pain without some proof is not sufficient to show such residual disability as would prevent a claimant from carrying on the same or similar work. Barre v. Hong-Kong Restaurant, Inc., 346 So.2d 318 (La. App. 4 Cir. 1977).
Whether pain suffered by a workmen's compensation claimant is substantial enough to be disabling is a question of fact to be decided by the trial court and it depends upon an evaluation of the plaintiff's credibility and upon the preponderance of both the medical and lay testimony. Lucas v. Insurance Co. of North America, 342 So.2d 591 (La.1977); Armstrong v. Gulf States Fishing, etc., 338 So.2d 779 (La.App. 4 Cir. 1976).
Medical testimony was given in this case by both Dr. Drez and Dr. Morin. Testifying on behalf of the plaintiff, Dr. Morin stated that Mr. Newell suffered a five (5%) percent partial permanent disability of his left hand. However, at no point in his testimony did Dr. Morin indicate that the plaintiff experienced substantial pain. Instead, he speculated that if there was pain, it would be of an extremely mild nature and would have absolutely no effect in restricting or preventing the claimant from returning to the same type of work he was engaged in prior to the accident.
Dr. Drez, the plaintiff's treating orthopedist, indicated that there was no remaining disability of Mr. Newell's hand as a result of the fracture. He testified that the finger had healed in an excellent anatomical alignment and that there was no evidence of scaring on the articular surface of the broken joint. In Dr. Drez's opinion, there was no medical reason for any continuing pain to result from the accident of August 11, 1977.
Clearly, the question of whether the plaintiff continues to suffer pain from his injury is a factual determination to be made by the trial court. Findings of a trial court on factual issues in a workmen's compensation case are entitled to great weight and are not to be disturbed except on a showing of manifest error. Stokes v. Continental Insurance Co., 345 So.2d 1200 (La. App. 1 Cir. 1977). A careful review of this record indicates that there is ample support for the trial judge's determination of the issues raised on this appeal. Therefore, the *1161 holding of the trial judge in denying the plaintiff compensation is correct.
The appellant further asserts that he should be entitled to recover for the impairment of his left hand under LSA-R.S. 23:1221(4)(e, o). Despite the 5% disability factor that Dr. Morin assigned to plaintiff's hand, it is apparent that he has suffered only an injury to his left long finger and there is no evidence that this caused a significant loss of use or function of the entire hand. Under this section of the Louisiana Workmen's Compensation Act, he may, in such a circumstance, recover only for the injury to his finger based on that schedule (R.S. 23:1221(4)(c))[1] and not based on the hand. Babineaux v. Great American Insurance Co., 245 La. 718, 160 So.2d 591 (1964); Johnson v. Insurance Co. of North America, 236 So.2d 825 (La.App. 3 Cir. 1970); Cain v. St. Paul Fire & Marine Ins. Co., 201 So.2d 286 (La.App. 3 Cir. 1967); Harrison v. Abry Brothers, Inc., 350 So.2d 278 (La.App. 4 Cir. 1977), writ refused.
Testifying at trial, Dr. Morin assigned a 15% disability factor to plaintiff's finger (Tr., pg. 69). Assuming, arguendo, such a disability, recovery is based (R.S. 23:1221(4)(c)) on 662/3% of his weekly wages for twenty (20) weeks, with the 15% disability factor. This results in $33.20 a week for twenty (20) weeks or $664.00. As plaintiff has already been paid $1330.00 (temporary total disability for fourteen (14) weeks at $95.00 per week), immediately after he was injured, this amount must be subtracted dollar for dollar from any potential recovery for the finger. LSA-R.S. 23:1223[2]; Fields v. Sperry Rand Corp., 343 So.2d 339 (La.App. 2 Cir. 1977), writ refused; Ennis v. Plant Service Construction Co., 316 So.2d 168 (La.App. 4 Cir. 1975), writ refused; Romero v. Argonaut Ins. Co., 227 So.2d 623 (La.App. 3 Cir. 1969).
Plaintiff cites Mullins v. National Food Stores of La., Inc., 175 So.2d 19 (La. App. 4 Cir. 1965) in support of his argument that an injury to a finger may result in a compensable hand disability. We factually distinguish Mullins by noting that there the injury to the (left index) finger of plaintiff necessitated its amputation and translated into a significant (25%) impairment in the functioning of the hand. These circumstances do not appear in our present case, and especially considering the differing medical testimony adduced at trial, we are unable to consider plaintiff entitled to any more than compensation for 15% disability to his left long finger.
Plaintiff also argues that a new provision of R.S. 23:1221(3) controls[3]. However, careful reading of this provision in context shows that it only applies to recovery under that section of the workmen's compensation law and not to recovery under R.S. 23:1221(4). R.S. 23:1223 applies and any possible recovery under the schedule for the finger injury is presently moot because, as noted above, he has already received workmen's compensation payments in excess of those granted for this particular finger injury.
Finally, this Court affirms the action taken by the trial court in disallowing plaintiff's claim for the $170 bill of Dr. Morin. We agree that this visit was for consultation, not treatment, and is therefore not recoverable. See Ducote v. Roy O. Martin Industries, Inc., 338 So.2d 1221 (La. App. 3 Cir. 1976); Caldwell v. Exxon Corp., *1162 320 So.2d 319 (La.App. 4 Cir. 1975); Butts v. Ins. Co. of North America, 352 So.2d 745 (La.App. 3 Cir. 1977), writ refused, January 30, 1978; Milligan v. Bayou Vista Manor, Inc., 355 So.2d 569 (La.App. 3 Cir. 1978).
For the above and foregoing reasons, the action of the trial court is affirmed, and all costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] "(4) In the following cases, the compensation shall be as follows:

(c) For the loss of any other finger, or a big toe, sixty-six and two-thirds per centum of wages during twenty weeks."
[2] § 1223. Deductions from benefits

Where compensation has been paid under subdivisions (1), (2), or (3), of R.S. 23:1221, the amount of such payment shall be deducted from any compensation allowed under subdivision (4) thereof or under Sub-part C of this Part.
[3] R.S. 23:1221(3)

. . . . .
"provided further that for any week during which the employee is paid any compensation under this subdivision (3) the employer shall be entitled to a reduction of one full week of compensation against the maximum number of weeks for which compensation is payable under this subdivision (3)."