426 So.2d 257 (1983)
Ennis O. DONALD
v.
BIG THREE INDUSTRIES, INC., et al.
No. 82 CA 0535.
Court of Appeal of Louisiana, First Circuit.
January 5, 1983.
Writ Denied March 4, 1983.
Milton Osborne, Jr., Baton Rouge, for plaintiff-appellant Ennis O. Donald.
Michael M. Christovich, New Orleans, for defendants-appellees Big Three Industries, Inc. and Highlands Ins. Co.
Before COVINGTON, LANIER and ALFORD, JJ.
*258 ALFORD, Judge.
Plaintiff-appellant, Ennis O. Donald, commenced this action against defendants, Big Three Industries, Inc., and its compensation insurer, Highland Insurance Company, for worker's compensation benefits for injuries resulting from an automobile accident which occurred on October 12, 1979. Highlands paid Mr. Donald benefits of $142.00 per week from October 12, 1979, through January 17, 1980, at which time all benefits ceased. This suit is for the recovery of additional worker's compensation benefits for total and permanent disability, penalties and attorney fees.
From a finding of the trial court that plaintiff, Ennis O. Donald, had received all of the worker's compensation benefits to which he was entitled and that he was not entitled to penalties and attorney fees, this appeal was perfected.
Shortly after the accident, Mr. Donald was taken to the emergency room at the Lakewood Memorial Hospital in Morgan City where he was x-rayed and treated by Dr. Askew, who diagnosed plaintiff as having suffered contusions to the right hand, right forearm and right thigh. Dr. Askew released Donald stating that there was no permanent injury and that he could return to work.
Plaintiff testified that upon returning home he had his brother take him to the Baton Rouge General Hospital where he was examined by an emergency room doctor, who he thinks x-rayed him, and who gave him a prescription for pain. No objective evidence of any neurological or orthopedic impairment of a type which would lead to the present complaints of pain and which would be related to the accident were found by the emergency room physicians who saw Mr. Donald.
Dr. James E. Grace, a general practitioner, saw Mr. Donald on October 16, 19, 25 and November 1, 1979, and according to his deposition found no concrete evidence that plaintiff had suffered any serious injury. In Dr. Grace's opinion, Mr. Donald was able to return to work as of November 1, 1979.
Mr. Donald's family physician, Dr. Victor Harvey, referred him to Dr. William G. Hagemann, an orthopedic surgeon in Baton Rouge. Dr. Hagemann saw Mr. Donald in 1979 on November 6, 13 and 20 and stated that he could find no objective evidence of any orthopedic or neurological problem and felt that the patient was grossly exaggerating the pain. At the November 20 visit, Dr. Hagemann released Mr. Donald and stated that he could return to work the next week.
Subsequent to his visits to Drs. Askew, Grace and Hagemann, plaintiff was seen by Dr. John A. Thomas, another orthopedic surgeon, and Dr. Anthony Ioppolo, a neurosurgeon, neither of whom could find any reason why Mr. Donald could not return to work as of the time of their examinations.
In February 1980, Mr. Donald was seen by Dr. Joseph Licciardi, an orthopedic surgeon in New Orleans, Dr. Licciardi concluded that plaintiff probably had a cervical or lumbosacral strain, although there was no orthopedic pathology regarding Mr. Donald's condition. It was Dr. Licciardi's opinion that plaintiff was not suffering from any problem which prevented him from returning to his work as a truck driver.
Dr. Reginald Alexander, who at the time was acting as a general practitioner at the Eden Park Community Center in Baton Rouge, saw Mr. Donald in June, July, August, September and December of 1980. Dr. Alexander diagnosed plaintiff's injury as a lumbosacral strain and found no neurological deficits at the time of his examinations. While Dr. Alexander's findings were essentially the same as the other doctors consulted, he was the only medical doctor to assert that Mr. Donald could not return to work as a truck driver.
In August 1981, Mr. Donald went to Dr. Gary Black, a chiropractor, who diagnosed a thoracic and lumbar myofascitis complicated by kyphotic cervical spine and pelvic instability. None of the six medical doctors who had examined Mr. Donald within the eight months following the accident found any such condition to be present.
Following a review of the medical testimony adduced at trial, along with the lay *259 witnesses, the trial court came to the conclusion that Ennis O. Donald did not incur any permanent disability as a result of the accident of October 12, 1979.
Plaintiff's specification of errors and issues presented on appeal revolve around two central questions. First, was the evidence presented at trial sufficient to support the factual findings of the trial judge? And, second, did the trial judge incorrectly apply the law as to objective medical symptoms in cases dealing with subjective complaints of continued disability?
At the outset, we note that the findings of the trial court on factual issues in worker's compensation cases are entitled to great weight and are not to be disturbed except on finding manifest error. Lanieux v. Iberville Services, Inc., 391 So.2d 1282 (La.App. 1st Cir.1980), writ denied 394 So.2d 1243 (La.1980). It is also clear that in Louisiana it is the burden of the plaintiff to establish a claim for worker's compensation by a preponderance of the evidence. Juneau v. Tulane Industrial Laundry, 358 So.2d 347 (La.App. 4th Cir.1978); Gros v. Employers Insurance of Wausau, 338 So.2d 986 (La.App. 4th Cir.1976); Toomer v. Highlands Insurance Company, 295 So.2d 844 (La.App. 1st Cir.1974).
As noted above, the first doctor to see Mr. Donald found that he suffered multiple contusions but was unable to find any neurological or orthopedic damage. This same result was reached by several specialists who examined and treated Mr. Donald in the months immediately following the accident. With the exception of Dr. Alexander, whose specialty is obstretrics and gynecology, and who did not treat plaintiff until eight months after the accident and Dr. Black, a chiropractor who did not see plaintiff until one year and ten months after the accident, there is no medical evidence that the accident resulted in anything other than a possible lumbosacral strain. We find no manifest error in the factual findings of the trial judge.
Plaintiff argues that the trial judge incorrectly applied the law as to objective medical symptoms in cases dealing with subjective complaints of continued disability. Plaintiff relies principally on the case of Drummer v. Central Pecan Shell Company, 366 So.2d 1333 (La.1978). In Drummer the plaintiff fell from a stool on April 30, 1974, and suffered a low back injury. On June 20, 1974, she was examined by an orthopedist who found no objective symptoms of injury and who recommended that plaintiff return to work. Worker's compensation benefits ceased on July 17, 1974.
Some eight months after the accident, in January 1975, plaintiff was x-rayed at a hospital in Baton Rouge. The x-rays revealed objective symptoms of lower back trouble which supported plaintiff's complaints of continued pain. In addition, plaintiff was seen by a neurosurgeon in February of 1975 who confirmed that objective symptoms of low back injury existed.
In reversing the trial and appellate courts, Justice Dennis at page 1335 held, "Subjective results which are imputable to the original conditions are compensable under law." In Mr. Donald's case the objective symptoms found by the emergency room physicians who saw him were contusions to the right hand, forearm and thigh. No medical doctor, including Dr. Alexander, has been able to say that any neurological or orthopedic damage resulted from his accident. Indeed, the only diagnosis which in any way supports Mr. Donald's claim is that of a chiropractor who did not see him until August of 1981. The preponderance of the evidence in this case, indeed the overwhelming evidence, leads this court to the belief that plaintiff sustained no injury causally related to the accident which supports his subjective complaints of continued pain and disability. Williams v. Cinclare Central Factory, 396 So.2d 301 (La.App. 1st Cir. 1981), writ denied 399 So.2d 621 (La.1981).
Based on the trial judge's evaluation of plaintiff's credibility, as well as other lay testimony, and upon a preponderance of the medical testimony in the instant case, we must conclude that the trial judge committed no manifest error in deciding that plaintiff was not entitled to worker's compensation benefits for permanent disability.
*260 Plaintiff-appellant argues that the trial court committed manifest error in deciding that he was not entitled to penalties and attorney fees.
The provision of L.R.S. 22:658 having to do with the penalties for failure to timely pay insurance benefits are stricti juris and are imposed in those instances where the failure to pay benefits timely is arbitrary, capricious, or without probable cause, Guillory v. Travelers Insurance Company, 294 So.2d 215 (La.1974).
When an insurer's termination of compensation is based on competent medical evidence, as was the case here, the action is not arbitrary and capricious. Levine v. Liberty Mutual Insurance Company, 305 So.2d 665 (La.App. 3rd Cir.1974); Crawford v. Al Smith Plumbing and Heating Service, Inc., 352 So.2d 669 (La.1977).
According to Mr. David Blevins who testified on behalf of defendant-appellee, Highlands Insurance Company, benefits to Mr. Donald were stopped on January 17, 1980. This stoppage was based on the medical reports of Drs. Askew, Grace, Thomas, Hagemann and Ioppolo, all of whom indicated that Mr. Donald could return to work as of January 17, 1980.
The trial court was correct in dismissing plaintiff-appellant's claim for penalties and attorney's fees.
Having come to the conclusion that the trial court's decision was based on a complete evaluation of the overwhelming medical testimony, as well as the lay testimony, and an evaluation of the plaintiff's credibility, it must necessarily follow that we find the trial court was correct in finding that the plaintiff-appellant, Ennis O. Donald, has received all of the benefits to which he is entitled and that he is not entitled to penalties and attorney's fees and that his suit should have been dismissed as to all defendants.
Costs of this appeal are to be borne by appellant.
AFFIRMED.