LABORDE, Judge.
Plaintiff, Dewey Thomas, brings this suit seeking worker’s compensation benefits as a result of two employment related accidents occurring on February 12, 1979, and on March 20,1981. Thomas named his employer, the St. Landry Police Jury and its former compensation insurer, Insurance Company of North America (INA), as defendants. St. Landry and INA filed an exception of prescription for all claims arising out of the accident on February 12, 1979, and they also filed a third party demand against Parish Government Risk Management Agency who as of November 15, 1980, provided a worker’s compensation self insurer *508 program on behalf of the St. Landry Police Jury.
The trial court dismissed Thomas’ claim against INA and St. Landry as a result of the February 12, 1979, accident and rendered judgment in favor of Thomas and against St. Landry as a result of the March 20, 1981, accident. The trial court determined that Thomas was totally and permanently disabled and entitled to benefits at a rate of $129.33 per week from March 20, 1981, until Thomas is no longer totally and permanently disabled. St. Landry, in its capacity as self-insurer, appeals this adverse judgment. Thomas answers and appeals the trial court’s denial of penalties and attorney’s fees. We affirm.
The issue presented in this appeal is whether the trial court erred in finding that the accident on March 20,1981, was a separate injury and disablement so as to entitle Thomas to benefits commencing March 20, 1981.
On February 12,1979, Dewey Thomas, an employee of the St. Landry Police Jury was unloading 300 pound boards that were to be used at a bridge site. In the course of unloading these boards, Thomas sustained a back injury which caused him to be unable to perform his duties for the St. Landry Police Jury. After this accident, INA paid Thomas worker’s compensation benefits through June 14,1979. Thomas returned to work for St. Landry during the week of May 26, 1979, and continued to work from that date until March 20, 1981, the date of his second injury.
On March 20, 1981, Thomas sustained a second injury to his back while unloading and spreading approximately eight tons of asphalt from the back of a police jury truck, using only a shovel to unload and spread this material. At the time of this injury, INA no longer provided compensation insurance for St. Landry. As of November 15, 1980, St. Landry was self-insured through the Parish Government Risk Management Agency.
After the second injury, Thomas filed this suit seeking worker’s compensation benefits. Thomas did not name the Parish Government Risk Agency as a defendant but sought recovery only from St. Landry and INA.
The trial court, after receiving evidence and after hearing all the testimony presented, determined that the effects of Thomas’ first injury in February of 1979, had substantially ceased by March, 1981. The trial court concluded that the March 20, 1981 accident constituted a separate injury and disablement and that Thomas was entitled to compensation benefits commencing March 20, 1981. Therefore, the trial court rendered judgment in favor of INA and against Thomas as a result of the February, 1979, accident and since the court construed the pleadings to constitute INA as the third party plaintiff it accordingly dismissed INA’s third party demand. Judgment was rendered only against St. Landry as a result of the March 20, 1981, accident.
St. Landry, in its capacity as self-insurer, appeals the trial court’s decision. St. Landry contends that the March, 1981, accident was at most a temporary disability which was resolved within several weeks. Therefore, the disability, if any, to Thomas is caused by the February, 1979, accident and INA, not the Police Jury as self-insurer, should be liable for compensation benefits since INA provided compensation coverage in February of 1979.
The question of whether Thomas’ disability is caused by the March 20, 1981, injury or by the February 12,1979, injury is a factual determination to be made by the trial court. The findings of a trial court on factual issues in a worker’s compensation case are entitled to great weight and are not to be disturbed except on a showing of manifest error. Newell v. United States Fid. & Guar. Co., 368 So.2d 1158 (La.App. 3rd Cir.1979). After carefully reviewing the record, we conclude that there is ample support for the trial court’s determination that Thomas suffered a separate accident and injury on March 20,1981, and that this injury caused his current disability.
The trial court’s determination is supported by the fact that after the February *509 12, 1979, accident Thomas returned to work until the time of his second injury. During this period of time Thomas’ foreman at the police jury, Clifton Thomas, testified that he was completely satisfied with all the work performed by Thomas during this interval. Thomas’ wife testified that the back pain experienced by Thomas after the March 20,1981, accident was different from any kind of pain that Thomas had complained of before. Mrs. Thomas further testified that after the March 20,1981, accident her husband required the use of a walking cane to move about. From this and other testimony presented at trial we conclude that the trial court’s decision is not clearly wrong.
Thomas’ answers the appeal of St. Landry and asserts that the trial court erred in not awarding him penalties and attorney’s fees for St. Landry’s refusal to pay compensation benefits. We find as did the trial court that there existed a substantial dispute concerning liability for compensation benefits. We conclude that the trial court was correct in not awarding Thomas penalties and attorney’s fees.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed, one-half to defendant, St. Landry Parish Police Jury, and one-half to plaintiff, Dewey Thomas.
AFFIRMED.