502 So.2d 176 (1987)
Calvin D. SAVANT, Plaintiff-Appellee,
v.
EMPLOYERS NATIONAL INSURANCE COMPANY, Defendant-Appellant.
No. 86-131.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
*177 Stockwell, Sievert (Jeanne M. Sievert and John S. Bradford), Lake Charles, for defendant-appellant.
Russell T. Tritico, Lake Charles, for plaintiff-appellee.
Before FORET, STOKER and YELVERTON, JJ.
STOKER, Judge.
Employers National Insurance Company appeals a finding that an employee of its insured was permanently and totally disabled in an on-the-job accident, and is therefore entitled to worker's compensation benefits.

FACTS
Calvin Savant was employed as a laborer by the Bechtel Power Company. On April 14, 1981 he was injured when some scaffolding fell and caused him to fall against an anchor bolt. Savant received emergency treatment for a back injury, and sought treatment from an orthopedist a week later. Employers National, Bechtel's insurer, paid compensation benefits until February 1985, at which time they were terminated based on a report from an orthopedic surgeon who examined Savant at the defendant's request, and based also on the failure of Savant to cooperate with his treating physician.
Savant filed suit on February 8, 1985, seeking benefits for permanent and total disability, and penalties and attorney's fees as authorized under LSA-R.S. 23:1201.2. After trial, the judge found that Savant was totally and permanently disabled as a result of a job-related accident. However, he stated that the defendant's failure to pay timely was not arbitrary and capricious, and therefore no penalties or attorney's fees were awarded. The defendant appeals the finding of total and permanent disability, and the finding of a causal connection between the accident and Savant's complaints. The plaintiff appeals the denial of penalties and attorney's fees.

DISABILITY
A worker's compensation claimant must prove that the employment caused his accident, the accident caused injury and the injury caused disability. Harris v. Board of Sup'rs, La. State Univ., 451 So.2d 1293 (La.App. 1st Cir.1984), writ denied, 458 So.2d 124 (La.1984). In this case, the occurrence *178 of an accident was not disputed. Employers National argues that the evidence showed that any injuries suffered in the accident resolved within a short period of time, and if Savant is disabled, the disability was not a result of the accident. We cannot disturb the trial court's findings of fact that Savant is disabled and that the accident caused the disability, unless its conclusions are clearly wrong. Washington v. Ameron Automotive Centers, 432 So.2d 1193 (La.App. 3d Cir.1983).
Five doctors examined the plaintiff. A week after the accident, Savant saw Dr. Campbell. While the doctor found inconsistencies between Savant's complaints and the test results, he found objective symptoms which caused him to state that he could not recommend that Savant return to work. Savant was discharged in August 1981.
Savant was sent to Dr. Schneider by his attorney. Dr. Schneider's diagnosis after Savant's initial visit on May 11, 1985 was an acute contusion spraining injury to the lower lumbar spine, from which he estimated Savant would recover within four to six months. Dr. Schneider threatened to discontinue Savant's treatment at one point due to Savant's failure to lose excess weight that aggravated his back trouble. However, Savant responded to the ultimatum by going on a strict diet and losing a substantial quantity of weight by the date of trial. Dr. Schneider was still treating Savant as of that time. He stated that Savant is disabled, and his current diagnosis is chronic entrapment syndrome of sciatic roots in the lower back. Although the injury could not have caused the amount of narrowing of vertebrae present in the x-rays, he said that, assuming that Savant had no history of back pain, the injury was the factor that precipitated the problem.
Dr. Campbell called in Dr. Shamieh and Dr. Litel. The former did not testify, but apparently he did find objective symptoms to support Savant's complaints. Dr. Litel saw Savant twice, but found no evidence of neurological damage.
Employers National arranged for Savant to see Dr. Morin on January 9, 1985. The doctor found long-standing disc degeneration, which was not related to the accident. He agreed that if Savant had no back complaints before the accident, it would be reasonable to assume that the accident either "created or aggravated a prior non-active condition to flare up."
Though the medical testimony is contradictory, there is sufficient evidence to support the trial judge's conclusion that Savant's accident caused his disability. Savant and his mother testified that he was not experiencing back pain before the accident. Dr. Morin, who examined Savant for evaluation purposes only, was the only doctor who stated that Savant was able to return to work. Both Dr. Campbell and Dr. Schneider found Savant unfit for work. While Dr. Morin was quite adamant about Savant's lack of disability, we cannot say that the trial judge erred in discounting his testimony and favoring that of the treating physicians. We affirm the findings of the trial court.

PENALTIES AND ATTORNEY'S FEES
The trial judge concluded that "the failure to pay timely was not arbitrary and capricious and that penalties and attorney's fees should not be awarded." We agree.
Under LSA-R.S. 23:1201 (E.), a penalty of twelve percent shall be imposed for the failure to pay compensation benefits, except where the employee's right to benefits has been "reasonably controverted" by the employer or his insurer. LSA-R.S. 23:1201.2 provides that an employer or insurer who is found to be arbitrary, capricious or without probable cause in discontinuing payments shall also be taxed with reasonable attorney's fees. The lower court's decision on penalties and attorney's fees is essentially a question of fact, and should not be reversed unless clearly *179 wrong. Johnson v. Distribution & Transp. Co., 485 So.2d 589 (La.App. 4th Cir.1986); Lucito v. Louisiana Hospital Service, Inc., 392 So.2d 700 (La.App. 3d Cir.1980).
An injured employee may not be cut off of compensation benefits on the basis of inconclusive medical reports; it is incumbent upon the insurer to make reasonable efforts to ascertain the employee's exact medical condition at the time benefits are terminated. Salvador v. Slidell Industries, Inc., 415 So.2d 511 (La.App. 1st Cir. 1982). However, when an insurer's termination of compensation is based upon competent medical evidence, the action is not arbitrary and capricious. Wall v. Sisters of Charity of Incarnate Word, 488 So.2d 1032 (La.App. 2d Cir.1986); Donald v. Big Three Industries, Inc., 426 So.2d 257 (La. App. 1st Cir.1983), writ denied, 429 So.2d 157 (La.1983).
In this case, Dr. Norman Morin performed an examination of Savant at the defendant's request. Dr. Morin reported that a "physical examination and x-rays fail to reveal evidence of any residual low back disability which could have resulted from the injury sustained April 14, 1981. Return to his previous occupation as a laborer is no [sic] presently contraindicated than it was prior to this injury." The report was sufficient to controvert Savant's claim of disability, and it was not arbitrary or capricious of Employers National to terminate benefits in light of this evidence, regardless of the judge's disposition of the case. We cannot say that the trial court's denial of penalties and attorney's fees was clearly wrong. Therefore, we affirm that portion of the judgment.

CONCLUSION
The judgment of the trial court, awarding Savant worker's compensation benefits for total and permanent disability, is affirmed. The denial of attorney's fees and penalties is also affirmed. Costs of this appeal are assessed equally between the parties in this appeal.
AFFIRMED.