631 So.2d 1359 (1994)
Dionne PREJEAN, Plaintiff-Appellant,
v.
RPM PIZZA d/b/a Domino's Pizza, Defendant-Appellee.
No. 93-635.
Court of Appeal of Louisiana, Third Circuit.
February 2, 1994.
Rehearing Denied March 11, 1994.
Christopher Alan Edwards, Lafayette, for Dionne Prejean.
Frederick Douglas Gatz, Jr., Lafayette, for RPM Pizza, Etc.
Before LABORDE, THIBODEAUX and DeCUIR, JJ.
LABORDE, Judge.
In this workers compensation proceeding, plaintiff argues that the hearing officer erred in her determination as to when plaintiff became no longer entitled to temporary total disability and issues following therefrom. *1360 The hearing officer concluded that plaintiff's disability had terminated by October 9, 1990, notwithstanding Ms. Prejean's assertions that she was unable to return to work through November 1, 1991. Except to amend the judgment so that it may comport with the judge's award of $750 in non-emergency care pursuant to LSA-R.S. 23:1142(B), we affirm.

FACTS
On July 24, 1990, Ms. Prejean injured her back and neck in a fall resulting from her passing out while in the course and scope of her employment. From that date until October 9, 1990, defendant paid weekly workers compensation benefits.
Every issue before the court essentially stems from the question of whether plaintiff was entitled to benefits beyond October 9, 1990, the date her benefits were discontinued. Plaintiff claims that she remained disabled beyond that date and cites as evidence her alleged need to see a chiropractor after an orthopedic specialist concluded she was not disabled, plus her own testimony that she could not work for several months after her chiropractic discharge.
After considering the medical reports of three physicians, the reports and deposition testimony of the chiropractor, an affidavit by the employer's adjuster, and the testimony of plaintiff and a chiropractic assistant, the hearing officer sided with defendant:

* * *
"In this case, the claimant alleges that she was disabled from the date of injury, July 24, 1990, to approximately November 11, 1991. However, claimant has failed to sustain the burden of proving that her disability extended beyond the last date the defendant paid temporary, total disability benefits, October 9, 1990. The totality of the evidence both lay and medical leads this Court to conclude that claimant was injured as a result of a workrelated accident. Nevertheless, the disability of which she complains lasted, at most from July 24, 1990, to October 9, 1990. This conclusion is reached based on the reports of Drs. Webre, Heard and Clifford. The Court accepts the opinions of the aforementioned physicians rather than that of Dr. Paul Roger. Dr. Heard is an orthopaedist and Dr. Clifford is a neurological surgeon. Dr. Heard treated claimant shortly after the injury occurred and therefore, was in a better position than Dr. Roger to assess her physical condition as it related to the accident of July 24, 1990. Pursuant to the provisions of L.S.A.-R.S. 23:1123 Dr. Clifford was chosen by the Director to perform a medical examination of the claimant. Dr. Clifford opined that the claimant had reached maximum medical improvement. The Court accepts this opinion.
"Accordingly, claimant is not entitled to any further benefits under the Act. Additionally, the parties stipulated that the insurance carrier denied Roger Chiropractic Clinic's request for authority to treat this claimant. Therefore, Roger Chiropractic Clinic is entitled to the $750.00 as provided for in L.S.A.-R.S. 23:1142(B) for non-emergency care. Furthermore, the amount charged by Dr. Roger in excess of the [$]750.00 is not an enforceable obligation against either the employee, employer or the employer's worker's compensation insurer."
* * * * * *
APPELLATE REVIEW
Whether or not a plaintiff is temporarily totally disabled is a question of fact to be determined by the trial court. If this decision is based upon reasonable evaluations of credibility, such a determination of fact should not be disturbed on appeal when there is evidence before the trier or fact which furnishes a reasonable factual basis for such a finding, unless such findings are clearly wrong. Sinegal v. Louisiana Blasters, Inc., 546 So.2d 308 (La.App. 3rd Cir.1989).
Landry v. Central Industries, Inc., 592 So.2d 478, 480 (La.App. 3d Cir.), writ denied, 593 So.2d 381 (La.1992). In accord, Alfred v. Mid-South Machine, Inc., 594 So.2d 937, 939 (La.App. 3d Cir.1992). Our review of the law, pleadings, and evidence furnishes no basis upon which the hearing officer might be reversed. A most generous assessment would be that the hearing officer chose to accept one party's version over another's.
*1361 A review of plaintiff's hearing testimony yields no surprises. On the date of plaintiff's injury, she went to Our Lady of Lourdes Hospital, never to return to the facility. Next, she saw therapist David Hite on two or three occasions. Hite recommended that plaintiff see orthopaedic surgeon Michael Heard. She saw Dr. Heard only once and neglected to return to see him. She says she did not return because the first attorney to represent her, who she retained soon after visiting Dr. Heard, instead suggested she begin seeing chiropractor Roger. The chiropractor treated plaintiff some eighty times from August 30, 1990 to May 16, 1991, long after the referring attorney was replaced by another.
Her testimony was effectively refuted by defendant, who produced evidence by several doctors that cast suspicions on her credibility. Most significant among the exhibits filed into evidence was the medical report of Dr. Heard, plaintiff's own physician, whose August 2, 1990 report concluded as follows:
I think the symptoms are soft-tissue-injury-related and they should respond well to a little bit of medication, physical therapy, and work restrictions. The patient is unable to work for the next one week. I will see her back in the office in follow-up.
Notwithstanding her obligation to do so, plaintiff did not return for her follow-up visit. Instead, she began to see chiropractor Roger who treated plaintiff's subjective symptoms. The chiropractor was of the opinion that plaintiff's disability persisted until May 16, 1991. Doctor Webre (called on to examine plaintiff after the employer first learned of plaintiff's long unreported treatment) like Doctor Heard concluded to the contrary. In addition, plaintiff admitted to working fulltime at a beauty salon from April 26, 1991 to May 18, 1991 when, she claims, pain forced her to quit working.
In the face of conflicting evidence, we are unable to conclude that the hearing officer clearly erred in accepting as true defendant's version of the facts.

Payment of Chiropractic Bills
Next, plaintiff asks that we require the employer to pay all of the more than $5,000 in chiropractic bills incurred by plaintiff subsequent to her only visit with Dr. Heard.
LSA-R.S. 23:1142(B) provides that no employer or workers compensation insurer will be held accountable for non-emergency services in excess of $750.00 unless the treatment or diagnostic testing had been agreed upon. At the conclusion of the hearing, the parties stipulated that the employer's workers compensation insurer had not been advised of, and did not consent to, the chiropractic treatments incurred by plaintiff. As a consequence, we see no basis for reversing the hearing officer's refusal to require the employer's or insurer's payment of the chiropractic fees to the extent that they exceed the first $750. Defendant to this proceeding filed no appeal or answer to appeal. Therefore, we see no basis for upsetting the hearing officer's assessment of the first $750 in chiropractic fees to defendant, and amend the judgment to reflect that conclusion.

Penalties and Attorney Fees
We likewise find no reason to upset the hearing officer conclusion that plaintiff is entitled to no penal relief.
The factfinder's decision on penalties and attorney fees is essentially a question of fact, and should not be reversed unless clearly wrong. Savant v. Employers Nat. Ins. Co., 502 So.2d 176, 178 (La.App. 3d Cir.1987), and cites therein.
An injured employee may not be cut off of compensation benefits on the basis of inconclusive medical reports; it is incumbent upon the insurer to make reasonable efforts to ascertain the employee's exact medical condition at the time benefits are terminated. Salvador v. Slidell Industries, Inc., 415 So.2d 511 (La.App. 1st Cir. 1982). However, when an insurer's termination of compensation is based upon competent medical evidence, the action is not arbitrary and capricious. Wall v. Sisters of Charity of Incarnate Word, 488 So.2d 1032 (La.App. 2d Cir.1986); Donald v. Big Three Industries, Inc., 426 So.2d 257 (La. *1362 App. 1st Cir.1983), writ denied, 429 So.2d 157 (La.1983).

Savant, supra, at 179.
In this case, the record shows that defendant agreed to pay for plaintiff's visit to the physical therapist and physician she chose to see for injuries. When it learned she had begun to see a chiropractor, it sent her for follow-up visits to medical specialists, none of whom reached the conclusion that plaintiff was disabled. These medical findings, in addition to Dr. Heard's, easily controverted plaintiff's largely unsubstantiated claims to prolonged disability. As a consequence, no penalties are called for.
Under the circumstances, plaintiff is entitled to neither penalties nor attorney fees. Faced with evidence that plaintiff might be injured, defendant did precisely what was expected of it: it continued to monitor plaintiff's health by sending her for comprehensive medical examinations. Its behavior was far from arbitrary and capricious.

DECREE
Except to amend the judgment to require defendant to pay chiropractor Roger $750 in accordance with the hearing officer's findings, we affirm. Plaintiff-appellant to be taxed with costs of this proceeding.
AMENDED AND AFFIRMED.
THIBODEAUX, J., concurs in part, dissents in part and assigns reasons.
THIBODEAUX, Judge (concurring in part and dissenting in part).
I concur with the majority's affirmance of the judgment of the hearing officer with respect to the plaintiff-claimant's inability to prove her entitlement to temporary total disability benefits beyond October 9, 1990. I also concur in the award of $750.00 in nonemergency care to a chiropractor and also concur in the majority's refusal to award penalties and attorney's fees in the employer's refusal to pay benefits beyond October 9, 1990.
I dissent, however, from the majority's refusal to award penalties and attorney's fees for the nonpayment of the first $750.00 in chiropractic fees.
The hearing officer awarded the plaintiffclaimant $750.00 as payment for chiropractic fees. She inadvertently failed to include it in her judgment. The employer does not dispute the amendment of the judgment to grant payment of $750.00. Its brief admits this. Despite being informed by the hearing officer that it was obligated to pay this amount, the employer inexplicably refused to pay. RPM Pizza d/b/a Domino's Pizza makes the disingenuous argument in brief that the chiropractic bills were not submitted by the chiropractor himself. At oral argument, however, it was disclosed that the bills were indeed forwarded to the employer. The employer, therefore, had notice of the bills even if Dr. Roger, the chiropractor, did not himself submit the bills.
La.R.S. 23:1142(B) provides in pertinent part that:
* * * * * *
B. Non-emergency care. Except as provided herein, each health care provider may not incur more than a total of $750.00 in non-emergency diagnostic testing or treatment without the mutual consent of the payor and the employee ...
The employer's position that its permission is necessary even for the expenditure of the initial $750.00 is untenable. The statute is clear. Consent is needed only after the initial $750.00 is expended. There is absolutely no reasonable justification for reading the statute otherwise or for failing or refusing to pay this amount to the plaintiff in this case. The employer was clearly arbitrary, capricious, or without probable cause in unjustifiably withholding this amount. Under La. R.S. 23:1201.2, therefore, penalties and attorney's fees should have been awarded for the employer's failure to pay the claim up to this amount.