641 So.2d 621 (1994)
Alfred ALEXANDER, Plaintiff-Appellant,
v.
CONAGRA BROILER COMPANY, Defendant-Appellee.
No. 93-1671.
Court of Appeal of Louisiana, Third Circuit.
July 13, 1994.
R. Stuart Wright, Natchitoches, for Alfred Alexander.
Steven D. Crews, Natchitoches, for Conagra Broiler.
Before SAUNDERS, WOODARD, and DECUIR, JJ.
SAUNDERS, Judge.
Plaintiff-appellant, Alfred Alexander, appeals a judgment from the Office of Workers' Compensation, District 02, granting defendant-appellee's, Conagra Broiler Company, motion for summary judgment. Plaintiff-appellant contends that the hearing officer erred when it ruled that there was no genuine issue of material fact and as a matter of law granted Conagra Broiler Company's motion for summary judgment.
The hearing officer found it undisputed that Alfred Alexander (hereinafter ALEXANDER) failed to truthfully answer questions on the "Conagra Broiler Company (hereinafter CONAGRA) Medical Evaluation" form concerning his prior injuries and pre-existing medical conditions. In addition, the hearing officer found no genuine issue of material fact concerning the warning printed on the CONAGRA'S "Physical Examination" form and ruled that CONAGRA complied with the statutory requirements of La.R.S. 23:1208.1. Lastly, the hearing officer concluded that it was undisputed that ALEXANDER'S present claim for worker's compensation was directly related to a previous back injury that he failed to report on the "Conagra Poultry Company Medical Evaluation" form that he completed prior to beginning *622 his work. Consequently, the hearing officer ruled, as a matter of law, that ALEXANDER forfeited his right to workers' compensation benefits pursuant to La.R.S. 23:1208.1 and granted CONAGRA'S Motion for Summary Judgment. From that ruling, ALEXANDER takes this appeal.
For the reasons which follow, we reverse the hearing officer's ruling.

FACTS
On September 3, 1991, prior to being hired as a chicken catcher for CONAGRA, ALEXANDER completed a form entitled "Conagra Poultry Company Medical Evaluation," which bore his name and signature. ALEXANDER responded "no" to questions posed in the form concerning his previous medical conditions including "Accidents ___;" "Rheumatism, Arthritis, Muscle or Joint Pains ___;" "Spine: Pain in Back ___;" and "Back Sprains ___." That form did not include any warning or notice concerning the forfeiture of worker's compensation benefits. ALEXANDER failed to answer truthfully questions concerning any prior injuries.
On a second form dated September 5, 1991, and entitled "Physical Examination" a physician evaluated and reported ALEXANDER'S current physical condition. On that form in large bold faced was the warning: "FAILURE TO ANSWER TRUTHFULLY ANY QUESTIONS CONTAINED HEREIN, MAY RESULT IN FORFEITURE OF WORKERS COMPENSATION BENEFITS UNDER ARTICLE R.S. 23:1208.1." That form solicited general information about ALEXANDER'S physical condition, but did not ask questions or make any inquiries into ALEXANDER'S previous medical conditions. That form is signed by the examining physician. ALEXANDER'S name does not appear on the form nor does it purport to have his signature.
On December 16, 1991, in the course and scope of his employment with CONAGRA, ALEXANDER allegedly slipped and fell while catching chickens. As a result of his fall, ALEXANDER allegedly suffered a serious and debilitating back injury. When CONAGRA refused to pay ALEXANDER workers' compensation, ALEXANDER filed suit on March 12, 1994.
CONAGRA filed a Motion for Summary Judgment contending that there was no genuine issue of material fact concerning: 1) ALEXANDER'S failure to truthfully answer questions concerning his previous medical conditions, 2) that the injury sustained while catching the chicken(s) directly relates to a previously unreported injury, and 3) the wording of the warning on the "Physical Evaluation" form. Finding no genuine issue of material fact, the hearing officer ruled, as matter of law pursuant to La.R.S. 23:1208.1, that CONAGRA'S warning on the "Physical Evaluation" form completed by ALEXANDER and the examining physician met all statutory requirements and that ALEXANDER forfeited his rights to workers' compensation. Accordingly, the hearing officer granted CONAGRA'S Motion for Summary Judgment.

I. Issues Presented
Whether there is a genuine issue of material fact and as a matter of law summary judgment should be granted.

II. Law and Argument
"It is well settled that summary judgment is to be granted `if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law'." Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036, 1038 (La.App. 3d Cir.1992) (citing La. C.C.P. art. 966(B)). Louisiana law places the burden of proving no genuine issue as to material fact on the party moving for summary judgment. Id. "To satisfy his burden, the mover must meet a strict standard by a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Id at p. 1038.
"The de novo standard of review is utilized by appellate courts when they consider trial court judgments on motions for summary judgment. Appellate courts use the same criteria trial courts apply to determine *623 whether summary judgment is appropriate." Self v. Walker Oldsmobile Co., Inc., 614 So.2d 1371, 1377 (La.App. 3d Cir.1993) (citing Schroeder v. Board of Sup'rs, 591 So.2d 342 (La.1991)).
In this case, CONAGRA moved for summary judgment and in support thereof presented the following documents to the court:
1) an affidavit executed by Daniel Risher, personnel manager for CONAGRA, certifying the accuracy of the copy of the "Medical Evaluation" form completed by ALEXANDER;
2) a certified copy of the pleadings filed in the matter captioned Alfred Alexander v. Gilchrist Construction Company, Inc., Ninth Judicial District Court, Parish of Rapides, State of Louisiana, Civil Suit Number 154,676, in which ALEXANDER entered into a settlement with Gilchrist Construction Company, Inc. for a worker's compensation claim for a work related back injury;
3) a copy of Gilchrist Construction Company's report of occupational injury or disease dated July 21, 1986, that was filed with the Office of Workers' Compensation;
4) certified copies of the medical records of Dr. John Sandifer and Dr. Charles E. Cook, who treated ALEXANDER for a work related back injury that he sustained while employed by Gilchrist Construction Company;
5) the deposition of Dr. Donald LaBorde, who treated ALEXANDER for a work related back injury that he sustained while employed by Gilchrist Construction Company.
We have reviewed those documents presented by CONAGRA in support of its Motion for Summary Judgment, the pleadings in the record and the law. Assuming arguendo there is no genuine issue of material fact, we find that the hearing officer's ruling was contrary to law. La.R.S. 23:1208.1 provides:
"Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer's ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker's compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less that ten point type." (Emphasis added.)
The warning placed by CONAGRA on its "Physical Evaluation" form complied with the statute in that it contains the appropriate words in large bold faced print. While the questions on that form did not deal specifically with previous medical conditions, they are medical questions of such a nature that may solicit responses concerning previous medical conditions, thereby, a warning is required.
It is undisputed that the "Conagra Poultry Company Medical Evaluation" form, however, did not have a printed warning on it. In the "Conagra Poultry Company Medical Evaluation" form, CONAGRA specifically solicits information directly from ALEXANDER about his previous injuries, disabilities, and other medical conditions. CONAGRA contends that it is of no consequence that the warning only appeared on the "Physical Evaluation" form if the warning on that form satisfied the requirements of La.R.S. 23:1208.1. We find the failure to warn of the possible forfeiture of an employee's right to claim worker's compensation benefits quite consequential. In requiring that a warning appear on the written form soliciting information about an employee's previous medical condition, the legislature obviously recognized the effect that their legislation could have on an employee who failed to report a previous medical condition: the complete loss of the employee's only legal remedy for a work related injury. In cases analogous to the case before this court, pursuant to the statute, an employee's claim without ever *624 being heard could be dismissed in a summary proceeding. Aware of the serious ramifications of such a clause, the legislature adopted a law that not only required a warning on the written form, but also required that "[s]uch notice shall be prominently displayed in bold faced block lettering of no less that ten point type." La.R.S. 23:1208.1.
The written form entitled "Conagra Poultry Company Medical Evaluation Form" solicited the previous medical conditions of ALEXANDER. CONAGRA failed to have a warning printed on that form. Without the appropriate warning on that form, La.R.S. 23:1208.1 is not enforceable and CONAGRA'S Motion for Summary Judgment cannot be sustained. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.C.C. art. 9.
In addition, we find a genuine issue of material fact concerning the direct relationship between the present injury for which ALEXANDER claims workers' compensation and the earlier back injury he sustained while employed by Gilchrist Construction Company. The mere fact that the unreported previous injury and present injury relate to the same geographical area of the body does not mean that the injuries are directly related. "In our opinion the express conditional language contained in LSA-R.S. 23:12208.1 serves to narrow the sweep of the forfeiture provision to require more than geographical identity." Williams v. Holly Hill Nursing Home (La.App. 3d Cir.1994), 640 So.2d 383. While it is undisputed in this case that ALEXANDER'S earlier injury and present injury relate to the back, CONAGRA has failed to show the absence of a genuine issue of material fact concerning the relationship between the earlier and later injury. Because that issue is not clearly resolved, summary judgment cannot be granted.

III. Conclusion
For the foregoing reasons, we reverse the ruling of the hearing officer and remand this case for further proceedings. All costs of these proceedings are to be paid by defendant-appellee, Conagra Poultry Company.
REVERSED and REMANDED.