670 So.2d 329 (1996)
David MULLINS, Plaintiff-Appellee,
v.
COURTNEY EQUIPMENT, Defendant-Appellant.
No. 95-989.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
*330 Knight Edward Doggett, Alexandria, for David Mullins.
Howard Battle Gist, III, Alexandria, for Courtney Equipment.
Before THIBODEAUX, SAUNDERS and SULLIVAN, JJ.
SAUNDERS, Judge.
The employer, Courtney Equipment, appeals a workers' compensation hearing officer's judgment that awarded the claimant, David Mullins, supplemental earnings benefits (SEB), penalties and attorney's fees. After our review of the record, we modify the judgment to award additional penalties in the amount of $2,000.00 and to correct a clerical error. We award $1,500.00 in additional attorney's fees for work done on appeal and we affirm in all other respects.

FACTS
On the day he was injured, David Mullins was working for the defendant, Courtney Equipment, as a spotter driver. This position consisted of pulling trailers around the company yard for unloading and picking up debris.
*331 Mr. Mullins injured his back on May 17, 1994, when he lifted pieces of steel tubing and round pieces of wood and threw them onto a truck. The next day he was treated at St. Francis Cabrini Hospital's emergency room. X-rays indicated that Mr. Mullins suffered from anterior spurring at the L4-5 level. Mr. Mullins was treated with medication, lumbar traction, manipulation and heat therapy from May 19, 1994, through June 8, 1994. When this treatment yielded no improvement, Mr. Mullins sought the advice of Dr. Robert K. Rush who immediately initiated physical therapy. An MRI performed July 1, 1994, showed degenerative disc changes at the L4-5 and L5-S1 with a small central bulging at L5-S1. After Mr. Mullins reached a plateau in therapy, Dr. Rush consulted with Dr. Lawrence Drerup, a neurosurgeon, and referred plaintiff to the comprehensive spine program.
The comprehensive spine program includes medical and psychological evaluation and treatment and a functional capacity evaluation. Dr. Phillip Osborn reported on November 1, 1994 that plaintiff had reached maximum medical improvement. Dr. Osborn stated that plaintiff was not likely to improve with further treatment and assigned an impairment rating of 10%.
Mr. Mullins saw Dr. John Cobb, an orthopedist, on January 26, 1995. Dr. Cobb recommended a lumbar discography to determine whether plaintiff's spondylosis was symptomatic.
Gary Kern, Director of Risk Management for defendant's third-party administrator, testified that the claim for supplemental earnings benefits was not paid for the months of October, November and December 1994, as well as January 1995 through February 13, 1995, because plaintiff did not fill out the LDOL-WC-1020 form completely. The defendant also contends that Mr. Mullins misstated on his employment application that he had never experienced a previous injury, thereby forfeiting his right to benefits.
The matter went to trial on February 13, 1995, with the plaintiff contending that he was entitled to SEB benefits, unpaid and/or unreimbursed medical and related expenses, penalties and attorney's fees and vocational rehabilitation. The Office of Workers' Compensation rendered a judgment granting SEB benefits at a post-accident earnings base of zero from September 30, 1994 through February 13, 1995, SEB benefits effective February 14, 1995 based on a post-accident average monthly wage of $731.00, plus legal interest from each due date until paid. The judgment further included certain medical bills, travel expenses and statutory penalties of 12% on all amounts awarded, plus attorney's fees in the amount of $8,000.00.

LAW
In order to receive workers' compensation benefits, the plaintiff must establish, by a preponderance of the evidence, that a work-related accident resulted in injury and that the injury resulted in disability. Walton v. Normandy Village Homes Ass'n, Inc., 475 So.2d 320 (La.1985). To receive supplemental earnings benefits, the plaintiff must show, by a preponderance of the evidence, that as a result of injuries received in his work accident, his earning capacity is diminished, preventing him from earning at least 90% of his pre-accident wages. La.R.S. 23:1221(3); Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94); 633 So.2d 129. The burden of proof then shifts to the defendant to establish the plaintiff's earning capability. Supplemental earnings benefits are based on the difference between an employee's average weekly wage at the time of the accident and the proven earning capacity after the injury. Pinkins v. Cardinal Wholesale Supply, 619 So.2d 52 (La.1993). The employer's burden can be met by establishing that the employee is physically able to perform a job, a job was offered to the employee, or a job was realistically obtainable in the employee's or employer's community or reasonable geographical area. Daigle v. Sherwin Williams Co., 545 So.2d 1005 (La.1989). If the employer satisfies this burden, the employee is still entitled to receive benefits if the employee demonstrates that he or she is not able to perform the job. The employee must establish, by clear and convincing evidence, unaided by any presumption of disability, that solely as a consequence *332 of substantial pain, he or she cannot perform the available employment. La.R.S. 23:1221(3)(c)(ii).
The hearing officer's factual findings are subject to the manifest error rule under which the reviewing court does not decide whether the factual findings are right or wrong, but whether they are reasonable. Stobart v. State through DOTD, 617 So.2d 880 (La.1993). Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where a conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840 (La.1989). The hearing officer is in a better position to judge the credibility of the witness and the factual conclusions of the hearing officer are entitled to great weight. Mundy v. Dept. of Health and Human Res., 609 So.2d 909 (La.App. 4 Cir. 1992), aff'd, 620 So.2d 811 (La.1993).

DISCUSSION
Defendant first contends that the hearing officer erred in granting Mr. Mullins workers' compensation on the basis that he failed to honestly and truthfully answer the application for employment. Therefore, defendant invokes the defense of La.R.S. 23:1208.1.
La.R.S. 23:1208.1 states:
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer's ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker's compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.
It is well settled that the provisions of the workers' compensation laws must be given a liberal interpretation. Lester v. Southern Casualty Insurance Company, 466 So.2d 25 (La.1985). Consistent with this equitable principle, the statutory forfeiture of workers' compensation benefits for failing to answer truthfully the employer's inquiry into employee's previous injuries is expressly conditioned on the presence of an untruthful statement, direct relationship between answer elicited and claim for benefits or ability to receive reimbursement from second injury fund, and compliance with notice requirements of the statute. Want of any of these three factors is fatal to employer's successful avoidance of workers' compensation liability on grounds of past artifice. Williams v. Holly Hill Nursing Home, 93-557 (La.App. 3 Cir. 3/30/94); 640 So.2d 383.
The defendant contends that Mr. Mullins is not entitled to workers' compensation benefits because he failed to disclose his previous back problems on his employment application. The hearing officer thoroughly analyzed the applicability of La.R.S. 23:1208.1 in her written ruling and reasons and determined that under the facts presented, defendants erred in refusing to pay compensation. We agree with the hearing officer in that the defendant has failed to prove that any prior injury suffered by Mr. Mullins was directly related to the injury involved in the instant case. There is no dispute between the parties that Mr. Mullins is illiterate and unable to read an employment application. More importantly the defendant has failed to put on evidence to support its position that Mr. Mullins' pre-employment back injuries were the cause or directly related to the present injury suffered on May 17, 1994. In order to prevail under La.R.S. 23:1208.1, the defendant is required to first show a direct link between the misstatement made by Mr. Mullins and the injury on which this case is founded. Alexander v. Conagra Broiler Co., 93-1671, (La.App. 3 Cir. 7/13/94); 641 So.2d 621; King v. Grand Cove Nursing Home, 93-779, (La.App. 3 Cir. 3/9/94); 640 So.2d 348. Therefore, this assignment of error lacks merit.
*333 In its second assignment of error, the defendant contends that the hearing officer erred in finding that the plaintiff was entitled to SEB benefits from the date of May 17, 1994. Mr. Mullins received total temporary disability benefits through September 30, 1994. It is apparent that a clerical error was made in the reasons and therefore the judgment should be modified. Since Mr. Mullins was receiving total temporary disability benefits through September 30, 1994, the judgment will be modified to reflect the same and SEB benefits will begin at a base of zero beginning on September 30, 1994. These benefits should last until the defendant-employer proves there to be work available which Mr. Mullins has refused.
By its next assignment of error, Courtney Equipment urges that the hearing officer erred in awarding SEB benefits for the months in which the employee failed to properly complete the necessary forms. The hearing officer found that Mr. Mullins had never received notice that his temporary total disability benefits had been converted to SEB benefits. The record indicates that Mr. Mullins first received notice of the conversion in a letter dated November 23, 1994. Mr. Mullins promptly completed and returned the information requested by the defendant. This being the first notice of the conversion, we find, as did the hearing officer, that Courtney Equipment callously withheld SEB benefit payments to Mr. Mullins for the months of October and November 1994.
The defendant also withheld SEB benefit checks from Mr. Mullins from December 1994 through February 13, 1995. The defendant states that the reason behind these withholdings is that Mr. Mullins failed to provide enough information on the LDOL-WC-1020 forms concerning unemployment compensation, social security disability and retirement benefits. The hearing officer found that the defendant never notified Mr. Mullins as to the reason why they were withholding his benefits.
La.R.S. 23:1221(3)(f) states:
Any compensable supplemental earnings benefits loss shall be reported by the employee to the insurer or self-insured employer within thirty days after the termination of the week for which such loss is claimed. The director shall provide by rule for the reporting of supplemental earnings benefits loss by the injured worker and for the reporting of supplemental earnings benefits and payment of supplemental earnings benefits by the employer or insurer to the office and may prescribe forms for such reporting. The office, upon request by the employer or insurer, shall provide verification through unemployment compensation records of the office of employment security of any claimed supplemental earnings benefits loss and shall obtain such verification from other states, if applicable.
After a thorough reading of this statute, we find that the hearing officer was reasonable in her decision. The defendant had no right or authority to withhold SEB payments in the aforementioned manner. The defendant should have contacted Mr. Mullins if there was a problem with the forms. Also, the Office of Employment Security could have been contacted to verify possible supplemental earnings. However, stopping payment on defendant's own initiative is not a proper alternative under our law. This type of "stopping payments at will" places the injured worker at a grave disadvantage and makes a mockery of the humanitarian principles underlying our workers' compensation laws.
Based on the evidence presented to the hearing officer, again, we find that there was an adequate factual basis for finding that Mr. Mullins was entitled to SEB benefits for the months of October 1994 through February 13, 1995.
In her reasons for judgment, the hearing officer stated that she found that Courtney Equipment had acted in an callous manner. The hearing officer further stated that the defendant acted arbitrarily and capriciously, and that the entire litigation process could have been avoided by the defendant had it treated its employee in a fair and respectable manner. We agree with these assessments.
Our jurisprudence plainly sets out that penalties and attorney's fees are based on a *334 finding of fact. Scott v. Central Ind., Inc., 602 So.2d 201 (La.App. 3 Cir.1992); Savant v. Employers National Insurance Company, 502 So.2d 176 (La.App. 3 Cir.1987). As a result of the employer's efforts to callously shift its legal requirements, we find that Courtney Equipment was arbitrary and capricious in withholding payments to Mr. Mullins. Based on this evidence, the hearing officer was not clearly wrong or unreasonable in determining that Courtney Equipment acted in an arbitrary and capricious manner. After examining the record and the time spent by the plaintiff's attorney in preparing and trying this case, we find that the award of $8,000.00 in attorney's fees is reasonable and not an abuse of the hearing officer's discretion. However, plaintiff's counsel has expended an additional effort in prosecuting this appeal and has asked in plaintiff's answer to appeal for additional attorney's fees. We therefore increase the award by $1,500.00 to compensate plaintiff's attorney for the services rendered on appeal.
Further, we agree with the plaintiff that La.R.S. 23:1201(E) requires the imposition of a penalty of an amount equal to 12% of unpaid benefits or $50.00 per calendar day for each day compensation or medical benefits remain unpaid, whichever is greater, not to exceed $2,000.00 in the aggregate. Therefore, under La.R.S. 23:1201(E), the judgment of the hearing officer pertaining to penalties on past due indemnity benefits and medical bills is increased to $2,000.00.

CONCLUSION
For the reasons expressed, we conclude that the hearing officer was not manifestly erroneous in her determination that Mr. Mullins was entitled to supplemental earnings benefits for the months in question and that Courtney Equipment had acted in an arbitrary and capricious manner when it denied those benefits to Mr. Mullins.
The judgment of the hearing officer is affirmed and amended to increase the penalties award to $2,000.00 and modified to reflect supplemental earnings benefits at a post-accident earnings base of zero which is to be continued from September 30, 1994 until it is proven that Mr. Mullins has refused available work. Plaintiff is further entitled to an additional $1,500.00 in attorney's fees for this appeal. Costs of this appeal is assessed against defendant, Courtney Equipment.
JUDGMENT MODIFIED; AFFIRMED AS AMENDED AND RENDERED.