711 So.2d 438 (1998)
Madlyn FREEMAN, Plaintiff-Appellee,
v.
BEST WESTERN RICHMOND SUITES HOTEL, Defendant-Appellant.
No. 97-1462.
Court of Appeal of Louisiana, Third Circuit.
April 22, 1998.
*439 Todd A. Townsley, Lake Charles, for Madlyn Freeman.
Mark Alfred Ackal, Lafayette, for Best Western Richmond Suites Hotel.
Before THIBODEAUX, COOKS and AMY, JJ.
THIBODEAUX, Judge.
Defendant-appellant, Best Western Richmond Suites Hotel, appeals a judgment from the Office of Workers' Compensation granting weekly indemnity benefits to an injured employee, Madlyn Freeman. The judge found that Freeman proved by a preponderance of the evidence that an unwitnessed, work-related accident occurred, and that she did not make willful misrepresentations that would cause her to forfeit benefits pursuant to La.R.S. 23:1208 or La.R.S. 23:1208.1. We find that the workers' compensation judge was not manifestly erroneous. Indeed, she was manifestly correct. Therefore, the judgment appealed from is affirmed.

I.

ISSUES
The issues presented for resolution of this appeal are:
1. whether Freeman failed to answer truthfully about prior back injuries before beginning employment with Best Western, so as to forfeit her right to receive benefits pursuant to 23:1208.1;
2. whether Freeman failed to answer truthfully about prior back pain or injuries after the on-the-job injury allegedly occurred, so as to forfeit her right to receive benefits pursuant to 23:1208; and,
3. whether Freeman proved by a preponderance of the evidence that an unwitnessed, work-related accident occurred.

II.

FACTS
Madlyn Freeman alleges that she sustained a herniated disc in her lower back during the course and scope of her employment as a housekeeper at the Best Western Richmond Suites Hotel in an unwitnessed accident on June 16, 1996. Freeman claims to have felt a "pop" in her lower back and began to experience severe pain when she attempted to arise from her knees after cleaning a bathtub at work that morning. *440 She reported to the executive housekeeper on duty, Alberta Dixon, that she could not continue to work because of the pain in her back. Dixon permitted her to go home.
Freeman visited the emergency room at West Calcasieu-Cameron Hospital on the morning of June 17, 1996. She continued to experience significant back pain that week, so she went to the emergency room at Moss General Regional Hospital on June 21, 1996, where she was diagnosed as having sustained a herniated disc at L5-S1 by an emergency room physician. She was directed to remain off work until the condition improved. Freeman has not returned to work since June 16.
Charlotte Fontenot, general manager for Best Western, was contacted by Freeman's attorney on June 27, 1996 and asked to approve payment of medical expenses for Freeman. Fontenot found that an injury report had not been completed and also stated that she was not aware of a work-related injury having occurred. Consequently, she did not approve payment at the time. Immediately thereafter, Fontenot conducted a brief investigation of the matter.
First, she contacted executive housekeepers Gustavia Duhon and Alberta Dixon. Dixon was on duty on June 16th and stated that although she was aware that Freeman had not returned to work since the day she left complaining of back pain, Freeman had not reported to her that she had hurt herself while working. Duhon stated that she spoke with Freeman on June 17th and was only told by Freeman that she would not be in that day because her back was hurting "really bad." She told Fontenot that Freeman never mentioned that she hurt her back at work. Dixon added that approximately one week after Freeman was hired, she asked for a back support belt. Dixon asked Freeman if she had back problems but Freeman only responded that her back had flared up again. Fontenot then spoke with Nell Chapman, a housekeeper assigned to work with Freeman on June 16th. Chapman stated that Freeman arrived late for work that morning with bloodshot eyes, that she moved slowly, and complained that she did not feel well and that her back was hurting. Chapman also reported that Freeman stated she had been zydeco dancing the night before. This was contradicted at trial by Freeman's own testimony and that of her daughter. They both contend that Freeman did not go zydeco dancing that night, but remained home the entire evening and socialized with her daughter and a few friends until approximately midnight.
Freeman's personnel records show that she was hired on May 31, 1996 after passing the company's preemployment physical and after completing a medical history questionnaire and a second injury fund questionnaire. On both forms she denied having a history of any back pain or injury.
Claims adjuster Philip Moory of Summit Consulting Claim Center investigated Freeman's claim. Moory questioned four persons who worked with Freeman at the Chateau Charles Hotel prior to her employment at Best Western. They all told him, and later testified, that they had either heard or witnessed Freeman complaining of back pain while working there, although she was always observed as being able to perform her job duties well. Moory, however, concluded that Freeman's complaints were evidence of the existence of back problems or pain before beginning her employment with Best Western, and surmised that her responses on the preemployment questionnaires, in which she denied a history of back problems, were untruthful and, thus, a violation of La.R.S. 23:1208.1. He also believed that it was more probable that Freeman had injured herself on the night of June 15th while zydeco dancing and was already in pain when she arrived at work on June 16th, which is why she did not immediately report the occurrence of the injury to her supervisors.
Moory took a recorded statement from Freeman on August 12, 1996, shortly before a scheduled mediation conference was held. Freeman continuously denied having prior back problems or pain or ever having made complaints regarding back pain or injury. He concluded that her responses were untruthful and were being made in order to obtain benefits and, therefore, she had effectively forfeited her right to receive workers' compensation benefits according to La.R.S. 23:1208, as well.
*441 On February 4, 1997, Freeman was seen by Dr. Frank Robbins for treatment of the pain she was continuing to experience. Dr. Robbins has been practicing medicine since 1952, is board qualified in surgery and emergency medicine, and has performed operative orthopaedics as a part of his surgical practice since the 1950s. Dr. Robbins was the only medical doctor to testify at trial and was accepted by the court as an expert witness.
He testified that his examination of the patient revealed a parasential herniated disc at the L5-S1 level, and he attributed the disc herniation to the bending and straining activity Freeman engaged in on June 16, 1996, while cleaning a bathtub at work. Dr. Robbins testified that a person can experience localized back pain for weeks or months, with the fibrous band becoming weakened and finally herniating, and it was very probable that it occurred in this case as a result of Freeman's actions in cleaning the bathtub on June 16, 1996. His review of medical records from the hospitals previously attended by Freeman, failed to establish a record of any sort of back problems prior to June 16th, and further served to buttress his opinion. Dr. Robbins reasoned that the pain caused by a herniated disc and the pinched nerves it causes, would have prevented Freeman from performing the strenuous activities she normally performed as a housekeeper. Therefore, had she been injured prior to June 16th, she would have been unable to perform her job duties satisfactorily. In addition, since her employers and former coworkers ultimately described her as a good worker who was able to perform the daily cleaning duties of a hotel maid, he was unable to believe that she was injured before June 16th.
The workers' compensation judge held that Freeman was entitled to workers' compensation benefits. She stated in her Reasons for Judgment that the court accepted the scenario given by Dr. Robbins as the most likely occurrence of the injury. The court noted that it also accepted the testimony regarding complaints made by Freeman about pain in her back prior to the date of injury but, the court believed those aches and pains were consistent with the aging process and a work history of several years of manual labor. In addition, the judge held that Freeman satisfied the burden of proving by a preponderance of the evidence that her employment caused or contributed to her injury. Walton v. Normandy Village Homes Ass'n, 475 So.2d 320 (La.1985).
The court also found that Freeman did not make willful misrepresentations about prior back problems sufficient to disqualify her from benefits under either 23:1208 or 23:1208.1. The judge wrote that there was no medical evidence in the record to support the contention that Freeman gave untruthful responses on Best Western's preemployment questionnaires. Further, she opined that in Freeman's statement to the claims adjuster, she admitted to prior instances of back pain, but also explained that she had never experienced pain similar to that which she experienced on June 16th. The court consequently concluded that Freeman did not deliberately intend to deceive anyone and attributed the problems in this case to Freeman having a somewhat "dull intellect" and being somewhat inarticulate. Best Western appealed.

III.

LAW AND DISCUSSION
The workers' compensation statutes provide two separate anti-fraud forfeiture provisions, La.R.S. 23:1208 and La.R.S. 23:1208.1, that employers may use to affirmatively defend against paying a claim. See Wise v. J.E. Merit Constructors, Inc., 97-0684 (La.1/21/98); 707 So.2d 1214. Our Supreme Court distinguished between the relevant provisions as follows:
La.R.S. 23:1208 applies to situations where, during a pending claim, a claimant has made a false statement or misrepresentation for the specific purpose of obtaining worker's [sic] compensation benefits. The claimant, by making the false statement, seeks to defraud the system. The defense under La.R.S. 23:1208.1 ... is entirely separate. La.R.S. 23:1208.1 is applied when a falsity was made on an employer's medical questionnaire, before the accident or injury.
Wise, 707 So.2d at 1217.
In regards to La.R.S. 23:1208.1, Best Western contends that the trial court erred *442 in finding that Freeman responded truthfully on its preemployment medical history questionnaire when she indicated "no" in regards to whether she had a history of back pain or injury, and when she responded "no" to the question, "Have you ever injured or sprained your back?" contained in its second injury fund questionnaire. Best Western asserts that the evidence and testimony introduced at trial established that Freeman complained of having had back pain prior to providing these answers and was deliberately untruthful in giving her responses.
Freeman, on the other hand, argues that her "no" responses on the preemployment questionnaires were not false, and are supported by her medical records which do not reveal any documentation of treatment for back complaints or pain prior to June 16, 1996. She also asserts that all of the witnesses who testified about her prior employment and work history agreed that she was a good worker and not limited in her abilities to perform her duties as a hotel housekeeper. Further, she attributes any complaints she made regarding her back to aches and pains due to her age and a lifetime of performing heavy work such as that of a maid. Her complaints, she contends, are not evidence of the existence of a prior back injury. Further, she stated that the pain she experienced on June 16th was unlike any other she had ever experienced because it was sharp pain that radiated into her legs and limited her ability to perform her normal daily activities at home and at work.
After a complete review, we find that the record provides a reasonable basis for the workers' compensation judge's finding, and further establishes that the finding was not manifestly erroneous. See Stobart v. State, Through DOTD, 617 So.2d 880 (La. 1993). Section 1208.1 recognizes a forfeiture of benefits only when there has been an untruthful statement, prejudice to the employer, and compliance with the notice requirements of the statute. Resweber v. Haroil, 94-2708, 94-3138 (La.9/5/95); 660 So.2d 7. An employer must prove each element in order to avoid liability. Mullins v. Courtney Equipment, 95-989 (La.App. 3 Cir. 1/31/96); 670 So.2d 329.
The issue we are faced with here is whether the statements made were untruthful based upon the evidence presented at trial. We agree with the workers' compensation judge that there is no medical evidence in the record upon which one could rely to classify her responses as being untruthful. Further, the second factor of the test requires a finding that a direct relationship exists between the alleged untruthful answer and the injury for which a claim for benefits has been made. Resweber, 660 So.2d 7. Best Western has, in essence, asserted that Freeman's complaints of pain in the same anatomical area where the herniated disc occurred serve as evidence of a preexisting back injury. In Wise, the Louisiana Supreme Court rejected the notion of forfeiture based upon an "anatomical connexity" between a preemployment injury or condition and a latter work-related injury, such as that which has been asserted here. The court opined:
The legislature has adopted a policy whereby we are to interpret the chapter in ways effectuating relief for workers when their injuries are work-related. Harold v. La Belle Maison Apartments, 643 So.2d 752 (La.1994). That policy, balanced with the language of § 1208.1 and the harshness of forfeiture, requires us to reject an interpretation of the statute based on a mere anatomical connexity. Instead, we find the interpretation of "directly relates" relied upon by the Second, Third, and Fourth Circuits more in keeping with the clear wording of the statute and the legislative intent. That is, a direct relation is established when the subsequent injury was inevitable or very likely to occur because of the presence of the preexisting condition.
Wise, 707 So.2d at 1220.
In this case, there is no evidence in Freeman's medical records that indicate she was ever diagnosed with any type of back pain or injury before June 16, 1996. Furthermore, there has also been no showing in the record that a herniated disc was inevitable or very likely to occur based upon any prior medical condition. Therefore, Best Western failed to prove elements essential to justify forfeiture *443 pursuant to La.R.S. 23:1208.1, and forfeiture under this provision cannot apply.
Section 1208 provides for the forfeiture of benefits when "(1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment." Resweber, 660 So.2d at 12. Best Western argues that the workers' compensation judge erroneously held that Freeman did not willfully make false statements to claims adjuster Moory. The court reasoned that Freeman's prior complaints regarding back pain were not significant enough to be a problem worthy of much comment. Further, the court clearly stated that it did not believe Freeman deliberately intended to deceive anyone, and also added that her final determination was almost wholly based upon the testimony and demeanor of the witnesses at trial.
Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed upon review in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). We conclude that the record provides reasonable support for the trial court's findings and the trial court was not manifestly erroneous.
Finally, we shall address whether Freeman carried her burden of proving that an unwitnessed, work-related accident occurred. In Bruno v. Harbert Int'l, Inc., 593 So.2d 357 (La.1992), the Supreme Court wrote that the claimant in a workers' compensation action has the burden of proving a work-related accident by a preponderance of the evidence. The claimant's testimony alone may be sufficient to satisfy this burden if there is no other evidence that discredits or casts serious doubt on the claimant's version of events, and if the claimant's testimony is corroborated by the circumstances following the alleged accident. Id. Corroboration may be provided by medical evidence, friends, coworkers or spouses. Id.
In this case, the court concluded that the evidence provided by Best Western failed to discredit or cast serious doubt on Freeman's version of events. The court relied upon the consistent testimony from witnesses that stated Freeman never missed work and always performed her work well, in spite of back complaints, to conclude that the herniated disc was probably not the result of a non-employment related, preexisting injury. Further, her medical records failed to reveal any course of treatment for back pain or injury, and also showed that she had recently passed Best Western's preemployment physical without a back problem or injury having been detected. Additionally, the court added that although there were suggestions that Freeman may have been out dancing the night before and may have suffered the herniated disc at that time, she appeared for work on June 16th and performed many of her duties before leaving, which is not consistent with the behavior of a person suffering a herniated disc. We agree with the workers' compensation judge's finding and find that it is reasonably supported by the record and not manifestly erroneous.
It is also important to note that an employee's work-related accident is presumed to have caused his disability when it is proven that the disabling symptoms were not manifested before the accident, the disabling symptoms appeared after the accident, and there is either medical or circumstantial evidence providing a reasonable possibility of causal connection between the accident and disabling injury. Walton, 475 So.2d 320. Although, the claimant has the burden of proving that the accident somehow caused or contributed to the disability, the exact cause need not be found. Walker v. Halliburton Servs., Inc., 93-722 (La.App. 3 Cir. 3/1/95); 654 So.2d 365. Additionally, the question of the existence of a disability presents a legal and not purely medical question, which must be determined through a consideration of both lay and medical testimony. Id., citing Taylor v. Louisiana-Pacific Corp., 602 So.2d 48 (La.App. 3 Cir.), writs denied, 606 So.2d 541(La.1992).
The workers' compensation judge based her finding primarily upon Dr. Robbins's scenario, which paralleled Freeman's version, as the most likely way the injury occurred in this case. Our review of the record also reveals that Freeman's daughter corroborated *444 her mother's version of how she became injured as well. She testified that she had never seen her mother in such pain before, and testified that before June 16th, her mother was able to work at home and at the Best Western, and since the occurrence of the injury, her mother has been disabled to a great extent. Freeman also testified that she was forced to move from her second floor apartment to a ground level apartment after the June 16th injury occurred because she was no longer able to climb the stairs leading to her apartment. This testimony, in addition to that considered by the workers' compensation judge, establishes by a preponderance of the evidence that an unwitnessed, work-related accident occurred on June 16th that resulted in Freeman sustaining a herniated disc.

IV.

DECREE
For the foregoing reasons, this court finds that an unwitnessed, work-related accident occurred and forfeiture under La.R.S. 23:1208 and La.R.S. 23:1208.1 is not warranted. Accordingly, the judgment of the Office of Workers' Compensation is affirmed. Costs of this appeal are assessed to defendant-appellant, Best Western Richmond Suites Hotel.
AFFIRMED.
AMY, J., concurs.