JjDOUCET, Chief Judge.
Plaintiff, Greenhill Nursing Home, appeals a judgment of the Office of Workers’ Compensation finding that Claimant, Edna Ferguson, did not violate either La.R.S. 23:1208 or 1208.1, and is entitled to full benefits under the Workers’ Compensation statutes plus penalties and attorney’s fees. Appellee seeks sanctions under La.Code Civ.P. art. 863 for “misrepresentations included in appellant’s brief to this court.” We affirm the judgment of the workers’ compensation judge. We deny the sanctions sought by Appellee noting La.Code Civ.P. art. 852 defines pleadings as “petitions, exceptions, written motions, and answers.”
FACTS
At the time of her accident, July 23, 1999, Ms. Ferguson had been working for her employer for more than ten years. This was her first claim for compensation benefits. Ms. Ferguson, who is a Licensed Practical Nurse, was employed by Green-hill as a resident service director. This position involved a large amount of paper work and Ms. Ferguson was provided an office in a small building behind the main facility. On the morning of July 23, 1999, Ms. Ferguson’s supervisor, the Director of Nursing, Debra Carlock, asked Claimant to make some room in her office for some filing cabinets. In order to comply with that request, Ms. Ferguson was attempting to move a large trash can containing bird-seed. As she attempted to move the can, she heard a “popping” sound in her back, experienced a sudden onset of severe pain, and fell to the floor. Mrs. Wanda Parker, a co-employee, witnessed the incident and even heard the popping sound described by Ms. Ferguson. Mrs. Parker summoned assistance and Ms. Ferguson was transported by ambulance to DeQuin-cy Memorial Hospital, where she remained hospitalized for nine days. She has been hunable to work since that time. In a July 30, 1999, report, Ms. Ferguson’s physician, Dr. Clarence Snyder related her “acute low back pain” to her accident at work. An MRI performed on July 30, 1999, revealed a “central-left paracentral herniated nucleus pulpous ... [at L5-S1] which appeal’s to result in impingement on the central to left aspect of the thecal sac.” The test also revealed a Tarlov cyst at the SI level. Subsequently, in November 1999, Ms. Ferguson sought treatment from Dr. Jeffrey A. Kozak, a reconstructive spinal *884 surgeon, in Houston, Texas. Dr. Kozak diagnosed Ms. Ferguson with a “herniated nucleus pulposus/NOS, L5-S1” and opined that she was “legitimately incapacitated.” He gave her three options, an itradiscal steroid injection which he believed would give temporary relief, an outpatient micro-diskectomy to remove the fragments at the L5-S1 level, which he believed would relieve her leg pain, but not her back pain, or a formal reconstruction of the spine to relieve both her back and leg pain. She was given information on each procedure and asked to make a decision.
Dr. James Perry, Greenhill’s choice of physicians, also recommended surgery for Ms. Ferguson. He proposed an anterior-posterior fusion.
In December 1999, Greenhill discontinued benefits and filed a 1008 with the Office of Workers’ Compensation. Green-hill based its discontinuance of benefits and its refusal to authorize surgery on Ms. Ferguson’s alleged violations of La.R.S. 23:1208 and 1208.1.
Following protracted proceedings, on February 23, 2001, an OWC judge found that Ms. Ferguson had not violated either La.R.S. 23:1208 or 1208.1, that Ms. Ferguson was due full benefits and that Green-hill was liable for penalties and attorney’s fees for discontinuing Ms. Ferguson’s benefits. This appeal followed.
CLAW AND DISCUSSION
The law applicable to the review of judgments in workers’ compensation cases is well settled:
Factual findings in worker’s compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Where there are two permissible views of the evidence, a fact-finder’s choice between them can never be manifestly erroneous or clearly wrong. “Thus, ‘if the [factfinder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.’ ”
Chaisson v. Cajun Bag & Supply Co., 97-1225, pp. 8-9 (La.3/4/98); 708 So.2d 375, 380-81 (alteration in original) (citations omitted) (quoting Seal v. Gaylord Container Corp., 97-0688, p. 5 (La.12/2/97); 704 So.2d 1161, 1164 (quoting Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990))).
[[Image here]]
“An employee in a worker’s compensation action has the burden of establishing a causal link between the work-related accident and the subsequent disabling condition.” Miller v. Roger Miller Sand, Inc., 94-1151, p. 6 (La.11/30/94); 646 So.2d 330, 334. An employee’s disability is presumed to have resulted from the accident if before the accident, the injured employee was in good health, but commencing with the accident, symptoms of the disabling condition appeared and continuously manifested themselves afterwards. Walton v. Normandy Village Homes Ass’n, Inc., 475 So.2d 320 (La.1985). However, the presumption requires either that there is sufficient medical evidence to show there to be a reasonable possibility of causal connection between the accident and disabling condition, or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection. Id.
*885 Marks v. 84 Lumber Co., 00-322, pp. 2-4 (La.App. 3 Cir. 10/11/00); 771 So.2d 751, 754.
|4In the case sub judice, Claimant’s accident was witnessed by a co-worker. Claimant was transported by ambulance from her job site to DeQuincy Memorial Hospital, admitted and remained hospitalized there for nine days. Further, her subsequent medical treatment relates her injury and resulting disability to her accident at work. Additionally, there was no testimony or evidence introduced which would lead one to believe that Claimant did not suffer an injury to her back at work and that the injury she sustained at that time was not the cause of her disability. Accordingly, we find no merit to Appellant’s allegations that the OWC judge erred in finding Claimant proved she sustained a work related accident, injury and subsequent disability.
The second issue before the court concerns whether Claimant forfeited her right to benefits by committing fraud in violating La.R.S. 23:1208 and/or 1208.1.
The workers’ compensation statutes provide two separate anti-fraud forfeiture provisions, La.R.S. 23:1208 and La.R.S. 23:1208.1, that employers may use to affirmatively defend against paying a claim. See Wise v. J.E. Merit Constructors, Inc., 97-0684 (La.1/21/98); 707 So.2d 1214. Our Supreme Court distinguished between the relevant provisions as follows:
La.R.S. 23:1208 applies to situations where, during a pending claim, a claimant has made a false statement or misrepresentation for the specific purpose of obtaining worker’s [sic] compensation benefits. The claimant, by making the false statement, seeks to defraud the system. The defense under R.S. 23:1208.1 ... is entirely separate. La.R.S. 23:1208.1 is applied when a falsity was made on an employer’s medical questionnaire, before the accident or injury.
Wise, 707 So.2d at 1217.
[[Image here]]
Section 1208.1 recognizes a forfeiture of benefits only when there has been an untruthful statement, prejudice to the employer, and compliance | ¿with the notice requirements of the statute. Resweber v. Haroil, Construction Co., 94-2708, 94-3138 (La.9/5/95); 660 So.2d 7. An employer must prove each element in order to avoid liability. Mullins v. Courtney Equipment, 95-989 (La.App. 3 Cir. 1/31/96); 670 So.2d 329.
[[Image here]]
In Wise, the Louisiana Supreme Court rejected the notion of forfeiture based upon an “anatomical connexity” between a preemployment injury or condition and a latter work-related injury, such as that which has been asserted here. The court opined:
The legislature has adopted a policy whereby we are to interpret the chapter in ways effectuating relief for workers when their injuries are work-related. Harold v. La Belle Maison Apartments, 643 So.2d 752 (La.1994). That policy, balanced with the language of § 1208.1 and the harshness of forfeiture, requires us to reject an interpretation of the statute based on a mere anatomical connexity. Instead, we find the interpretation of “directly relates” relied upon by the Second, Third, and Fourth Circuits more in keeping with the clear wording of the statute and the legislative intent. That is, a direct relation is established when the subsequent injury was inevitable or very likely to occur because of the presence of the preexisting condition.
*886 Wise, 707 So.2d at 1220.
Freeman v. Best Western Richmond Suites Hotel, 97-1462, pp. 6-9 (La.App. 3 Cir. 4/22/98); 711 So.2d 438, 441-42, writ denied, 98-1393 (La.7/2/98); 724 So.2d 737.
We find no merit to Appellant’s claim that Ms. Ferguson violated La.R.S. 23:1208.1. First, the questionnaire upon which Appellant’s claim is based was filled out after Ms. Ferguson’s accident. Further, in the narrative portion of the questionnaire, Ms. Ferguson included information concerning a prior back injury. Additionally, the prior injuries to her back, although of an “anatomical eonnexity,” were minor and not of such a nature that the injury which occurred was “inevitable or very likely to occur” because of the prior events. Finally, it is apparent that the pOWC judge believed Ms. Ferguson’s explanation as to why the “Yes/ No” section of the questionnaire was filled out with all “No’s,” i.e., that she was instructed to check off all “No’s” as her employer already had her complete medical history and that this was just another form someone wanted filled out. That was a factual determination which we refuse to disturb without clear and convincing evidence of error.
“Section 1208 provides for the forfeiture of benefits when ‘(1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment.’ Resweber, 660 So.2d at 12.” Freeman, 711 So.2d at 443. Green-hill argues that the workers’ compensation judge erroneously held that Ms. Ferguson did not willfully make false statements to claims adjusters John Daigle and Richard Hayes regarding prior back injuries in December of 1995 and March of 1996. Ms. Ferguson explained that when she was questioned by the adjusters she was on medication and got the two events confused, combining them, in her mind, to one event. Neither event involved injury to spinal discs, the most serious of the two events being described as “a lumbar strain with sciatic nerve root irritation on the left.” The other was nothing more than a pulled muscle.
In her reasons for judgment, the OWC judge stated: “Ferguson gave explanations of why certain information was omitted when she gave statements to the claims representatives.The Court finds no factual basis to deny this claim.”
We find this case very similar to the situation in the Freeman case wherein a panel of this court stated:
[T]he court clearly stated that it did not believe Freeman deliberately intended to deceive anyone, and also added that her final determination was almost wholly based upon the testimony and demeanor of the witnesses at trial.
[7Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed upon review in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). We conclude that the record provides reasonable support for the trial court’s findings and the trial court was not manifestly erroneous.
Freeman, 711 So.2d at 443.
Accordingly, we find no error in the OWC judge’s rejection of Greenhill’s claim that Ms. Ferguson’s statements constituted fraud.
Finally, we address Greenhill’s argument that the OWC judge erred in awarding penalties and attorney’s fees to Claimant for the discontinuance of her benefits in December 1999. We note that Greenhill presented no evidence or testimony explaining why Ms. Ferguson’s benefits were terminated. Both of the claims *887 adjusters who testified stated that they only “investigated” Ms. Ferguson’s claim, that they had no input as to whether her benefits should have been terminated. Considering the lack of such explanation, we find no error in the OWC judge’s award of penalties and attorney’s fees.
Accordingly, for the reasons stated above, the judgment of the OWC judge is affirmed. All costs of this appeal are assessed against Plaintiff, Greenhill Nursing Home.
AFFIRMED.