**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**


**2022 CA 0730**


CHARLES BRUMFIELD, JR.

VERSUS

THE VILLAGE OF TANGIPAHOA, RICKY COLEMAN,
DEBORAH CYPRIAN, AND SHELIA MARTIN

Judgment Rendered: **MAR 0 6 2023**


\* \* \* \* \* \*


On Appeal from the Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Docket No. 2019-0002159
Honorable Brenda Bedsole Ricks, Judge Presiding


\* \* \* \* \* \*

Latoia Williams-Simon
Vanessa R. Williams
Amite, Louisiana

Counsel for Plaintiff/Appellee
Charles Brumfield, Jr.


William D. Aaron, Jr.
DeWayne L. Williams
New Orleans, Louisiana

Counsel for Defendant/Appellant
DeWayne L. Williams

\* \* \* \* \* \*


**BEFORE: McCLENDON, HOLDRIDGE, AND GREENE, JJ.**

**McCLENDON, J.**

In this appeal arising out of a public records request, a former attorney for the defendants appeals a trial court's judgment that granted the plaintiff's motion for contempt and assessed penalties against him. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

This appeal involves the trial court's granting of the motion for contempt and the imposition of sanctions based on language used in an appellate brief. The appellate brief was filed in this Court for a previous appeal addressing the public records request of the plaintiff, Charles Brumfield, Jr. A more detailed history of the factual and procedural background of the underlying litigation can be found in **Brumfield v. Village of Tangipahoa**, 2021-0082 (La.App. 1 Cir. 12/20/21), 340 So.3d 221.

As a brief background, in July of 2019, Mr. Brumfield submitted a public records request to the Village of Tangipahoa, and to three of its aldermen, Ricky Coleman, Debrah Cyprian, and Shelia Martin (the defendants).[1] Subsequently, Mr. Brumfield filed a petition for a writ of mandamus against the defendants, alleging they had failed to timely respond to his public records request. He sought a judgment ordering the defendants to produce the requested records, awarding him damages, and assessing the defendants with penalties, costs, and attorney fees. The trial court held a hearing, after which the trial court ruled that Mr. Coleman, Ms. Cyprian, and Ms. Martin (the Aldermen) failed to comply with Mr. Brumfield's public records request. The trial court awarded penalties, costs, and attorney fees. Thereafter, Mr. Brumfield filed a motion to clarify and render a final judgment, alleging that the Aldermen had still not complied with his public records request.[2] After a hearing on the motion, the trial court signed a judgment, assessing a $14,000.00 penalty against each of the Aldermen and ordering that the defendants were solidarily liable for costs and $3,500.00 in attorney fees. **Brumfield**, 340 So.3d at 224-25.

---

[1] The petition names "Deborah Cyprian" as a defendant. The correct spelling of Ms. Cyprian's name is "Debrah."

[2] Although the trial court stated that it would sign a judgment conforming to its ruling, the record did not contain such written judgment. **Brumfield**, 340 So.3d at 225.

2

After the trial court signed its judgment in the underlying litigation, Mr. Coleman, Ms. Cyprian, and Ms. Martin (the Aldermen) filed a motion for new trial, which was denied. The Aldermen appealed. On review, this Court held that the judgment as to Ms. Martin was an absolute nullity as she was not served with notice of the court date. **Brumfield**, 340 So.3d at 227, 233. In all other respects, the judgment was affirmed. **Brumfield**, 340 So.3d at 233.

Shortly after this Court's opinion in the previous appeal, Mr. Brumfield filed a Motion to Reset and for Contempt, on December 22, 2021, seeking to reset the motion to clarify against Ms. Martin only and additionally seeking sanctions against the Aldermen for statements contained in their appellate brief. Mr. Brumfield specifically alleged that the Aldermen "lodged scandalous and frivolous accusations in their appellate brief" in violation of the Uniform Rules of Louisiana Courts of Appeal Rule 2-12.2C and LSA-C.C.P. arts. 863 and 864.[3]

The trial court set the motions for February 22, 2022.[4] At the conclusion of the hearing on Mr. Brumfield's Motion for Contempt, the trial court granted the motion against each of the defendant Alderman, as well as the Aldermen's counsel, DeWayne Williams, assessing penalties in the amount of $1,500.00 "to be split amongst the parties." After the hearing, Mr. Williams requested written reasons for judgment, which the trial court issued on March 18, 2022. The trial court signed a judgment on April 27, 2022, in conformity with its ruling, and Mr. Williams appealed.[5]

## DISCUSSION

In his appeal, Mr. Williams asserts that the trial court erred in granting Mr. Brumfield's motion for contempt and request for sanctions against him for language in

---

[3] Effective January 1, 2023, Rule 2-12.2C was redesignated Rule 2-12.2B. The text of the subsection did not change.

[4] The trial court also set for hearing on February 22, 2022, Mr. Williams' Motion to Withdraw, which was granted, and Mr. Brumfield's Motion to Reset the Motion to Clarify Judgment as to Ms. Martin, which was also granted. Ms. Martin was assessed $14,000.00 in civil penalties and was held liable *in solido* with the other defendants for court costs and attorney fees in the amount of $3,500.00.

[5] A judgment that imposes sanctions against a non-party is a final appealable judgment. See **Moore v. State Farm Fire and Casualty Company**, 2020-0942 (La.App. 1 Cir. 5/25/21), 2021 WL 2102935, *2 (unpublished).

3

an appellate brief. The Uniform Rules of Louisiana Courts of Appeal Rule 2-12.2C provides:

> The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution. Any violation of this Subsection shall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned.

Mr. Williams also maintains that because this Court did not find the language in his appellate brief to be contemptuous, nor was it returned, the trial court erred in substituting its judgment for that of this Court.

The questionable language in the appellate brief in the underlying matter asserts that "[t]his case involves the unconscionable use of the courts to seek political retribution against and punish political leaders for serving their community." Mr. Williams also stated in the brief that the "most sacred concept of our judicial system is its independence. Generally[,] our courts do not allow themselves to be used to punish political opponents." Mr. Williams further set forth that the Aldermen were not represented by counsel at the March 9, 2020 hearing and that the trial court "allowed the proceeding to go forward anyway, but presumably[,] because the Aldermen did not have counsel, did not vet the legitimacy of the defective public record requests." Mr. Williams also alleged that "Appellee possibly committ[ed] a misdemeanor crime during the hearing," and that "Appellee's malicious exuberance in trying to cast a false light on the Aldermen possibly resulted in Appellee, and not the Aldermen, committing unethical and illegal conduct."

The trial court determined that it had jurisdiction to hold counsel in contempt "for malicious and scandalous accusations inserted into pleadings, in direct violation of Article 863" and granted Mr. Brumfield's Motion for Contempt, imposing sanctions against Mr. Williams personally.[6] Louisiana Code of Civil Procedure article 863 provides:

> A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose physical address and email address for service of process shall be stated. A party who is not represented by an attorney shall sign his pleading and state his

---

[6] In its reasons, the trial court stated that the "First Circuit heard [Mr. Brumfield's] request for sanctions and determined the matter would be properly before this [c]ourt." However, in **Brumfield**, this Court merely determined that Rule 1-12.2C "does not provide for the imposition of sanctions" and that "the ability to impose sanctions under [LSA-]C.C.P. art. 863 is limited to the trial court." See **Brumfield**, 340 So.3d at 233. Therefore, this Court found that the request for sanctions was not properly before it. **Id.**

4

physical address and email address, if he has an email address, for service of process. If mail is not received at the physical address for service of process, a designated mailing address shall also be provided.

B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.

G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.

Louisiana Code of Civil Procedure article 864 also provides that "[a]n attorney may be subjected to appropriate disciplinary action for a wilful violation of any provision of Article 863, or for the insertion of scandalous or indecent matter in a pleading."

Authority to punish for contempt of court falls within the inherent power of the court to aid in the exercise of its jurisdiction and to enforce its lawful orders. **Smith v. Robertson**, 2021-0708 (La.App. 1 Cir. 3/3/22), 341 So.3d 608, 612. Proceedings for

5

contempt must be strictly construed, and the policy of our law does not favor extending their scope. **Acadian Cypress & Hardwoods, Inc. v. Stewart**, 2012-2002 (La.App. 1 Cir. 9/3/13), 2013 WL 4746957, *2. The trial court is vested with great discretion in determining whether a party should be held in contempt of court, and its decision will only be reversed when the appellate court finds an abuse of that discretion. **Greeson v. USAA Life Insurance Company**, 2016-0667 (La.App. 1 Cir. 12/22/16), 209 So.3d 1066, 1070.

In **Greenhill Nursing Home v. Ferguson**, 2001-459 (La.App. 3 Cir. 10/3/01), 796 So.2d 881, 883, writ denied, 2001-2976 (La. 1/25/02), 807 So.2d 843, the appellee sought sanctions under LSA-C.C.P. art. 863 for "misrepresentations included in appellant's brief" to the third circuit. That court denied the sanctions, noting that LSA-C.C.P. art. 852 "defines pleadings as 'petitions, exceptions, written motions, and answers.'" **Id.**; see also **Bergeron v. Richardson**, 2020-01409 (La. 6/30/21), 320 So.3d 1109, 1111 n.1 ("Louisiana Code Civil Procedure article 852 defines 'pleadings' as 'petitions, exceptions, written motions, and answers.'").[7]

We agree that pleadings under Article 863 do not include appellate briefs and that sanctions under Article 863 and 864 are inapplicable to language contained in appellate briefs. Therefore, we find that the trial court abused its discretion in granting the motion for contempt for "accusations inserted into pleadings, in direct violation of Article 863." Accordingly, we reverse the trial court's judgment that granted Mr. Brumfield's Motion for Contempt and assessed penalties against Mr. Williams in the amount of $1,500.00 to be split amongst the parties.

## CONCLUSION

For the above reasons, that part of the April 27, 2022 judgment, granting Mr. Brumfield's motion for contempt and assessing penalties, is reversed. All costs of this appeal are assessed to Charles Brumfield, Jr.

**REVERSED.**

---

[7] We note, however, that our brethren on the fourth circuit have decided differently, finding that, while LSA-C.C.P. art. 863 applies only to "pleadings," it also applies to "motions and other papers" signed by an attorney or litigant. See **Banks v. Progressive Paloverde Insurance Company**, 2022-0151 (La.App. 4 Cir. 9/30/22), 350 So.3d 952, 957 n.5.

6